ALBANY,<br>August, 1818.<br><br>JACKSON<br>v.<br>MALIN.

Judgment reversed.

——◄✳►——

JACKSON, *ex dem.* ELIZA S. MALIN, *against* RACHEL MALIN.

THIS was an action of ejectment, brought to recover lands in *Jerusalem*, in township No. 7, in the second range of townships in the county of *Ontario*. The cause was tried before Mr. J. *Spencer*, at the *Ontario* circuit, in *July*, 1817.

Sarah *Richards* died in *November* or *December*, 1793, seised of the land in question, under a regular title, leaving the lessor of the plaintiff, her only child, who subsequently

The testatrix<br>devised as fol-<br>lows: "I give<br>and bequeath<br>to my daugh-<br>ter, E. R. all<br>my property in<br>W. in the state<br>of Connecticut.<br>—All the land<br>deeded me by<br>B. excepting<br>1000 acres of<br>land I deed to<br>R. M. Also,

the receipts that I now hold, &c. also, as to personal property, I give her one mare, &c. And by a subsequent clause, she devised those thousand acres to R. M. It was alleged that the word *also* had been erased between the words " *Connecticut*" and " *all,*" after the execution of the will, so as to give R. M. not only the 1000 acres excepted, but also the land out of which they were excepted. *Held*, that the alteration, if any, was perfectly immaterial, and that whether the word *also* were inserted or not, the land deeded to the testatrix by B. *excepting* 1000 *acres she deeded to* R. M. (which words were to be read as if in a parenthesis,) was devised to E. R.

An alteration, whether material or immaterial, made in a deed or will, by a person claiming under it, renders it void : but whether a material alteration by a stranger has that effect? *Quare.*

Where the judge directed the jury to declare by their verdict whether a will had been altered after its execution, and if so, by whom; and they declared by their verdict that the will had been altered *by some interested person*, the verdict was held to be uncertain, and a new trial was granted.

Where the defendant is apprized of a material witness, whose appearance he cannot procure in time, he ought to apply to the judge to postpone the trial; and if he goes to trial without the testimony of the witness, and a verdict is found against him, the court will not grant a new trial for the purpose of letting in the evidence of the witness.

married one *E. Malin,* since deceased, and claims the pre-
mises as heir at law of her mother.   The defendant claims
as devisee of *Sarah Richards,* and at the trial, produced and
proved her will, containing the following clauses :

" Item. Fourthly ; I give and bequeath to my dear and
only daughter, *Eliza Richards,* all my property in *Water-
town, Litchfield* county, in the state of *Connecticut.* [Blank.]
All the lands deeded me by *Benedict Robinson,* excepting
one thousand acres of land I deed to *Rachel Malin ;* also,
the receipts that I now hold for lands or the avails of them ;
also, as to personal property, I give her one sorrel mare and
colt, one pied cow, and four sheep."

" Item. Sixthly ;   I give and bequeath to my good and
trusty friend *Rachel Malin,* one thousand acres of land lying
and situate in number seven, in the second range of the
*Massachusetts* pre-emption in the county of *Ontario* and
state of *New-York,* the said thousand acres to be taken off
from the south end of the [Blank] I now own in the town,
deeded to me by *Benedict Robinson.*   Also, all that tract
deeded to me by *Thomas Hatheway,* bearing date the second
day of the fifth month, in the year of our Lord one thou-
sand seven hundred and ninety-three; witnessed by W.
*McCartee* and *Abel Botsford.*   Also, all the lands that have or
may arise from *Asa Richard's* estate, deceased ; also, one sor-
rel horse, and all the rest of my stock together, all the rest of
my farming utensils."   The defendant and another person
were appointed executors.

It was contended on the part of the plaintiff, that the will
had been altered since its execution, by erasing the word
*also,* between the words *Connecticut* and *all,* in the fourth
item, and testimony was produced on both sides, to prove
and disprove the fact.

By the agreement of the counsel, on the recommendation
of the judge, his honour charged the jury to declare by their
verdict, whether the will of *Sarah Richards* had been alter-
ed after its execution, and by whom ; and the jury gave a
verdict for the plaintiff, adding, that they considered that
the will had been altered by some interested person.   The
defendant moved to set aside this verdict, and that a new
trial should be granted, on a case containing the evidence

given on the trial, and also, on the ground of surprise and newly discovered evidence, supported by affidavits, that *William Stewart* was a material witness to negative any alteration in the will, and that having been subpœnaed, he did not attend the trial.

*Sill,* for the defendant, said he was aware of the old authorities on the subject; and that it is laid down, that an alteration of a deed by the party owning it, whether material or immaterial, renders it void; and that an alteration in a material part by a stranger, without the privity or consent of the owner, destroyed the deed. (*Pigot's case,* 11 Co. 27. 13 *Vin. Abr.* 39. Faits (U.) *Shep. Touchst.* 66. (68.) *Cro. Eliz.* 546.) But this was founded on the technical rule of pleading, which allowed the party, under the plea of *non est factum,* to avail himself of the objection, because it was not, at the time of the plea, his deed. This technical nicety and strictness, which avoids a deed in the hands of an innocent person, because it has been altered by a stranger without his knowledge or consent, is contrary to the first principles of justice and common sense.

Again; the alteration was not material; and if the alteration did make any difference in the devise, *R. M.* could have no interest to induce her to alter it. But there is no evidence that she did make the alteration. The jury have not found the fact. The finding is special, and leaves it uncertain as to the person who made the erasure. If there is the least doubt as to the meaning or intention of the jury, the court will not pronounce a judgment on the verdict. (*People* v. *Olcott,* 2 *Johns. Cas.* 301. 311. *Rex* v. *Woodfull,* 5 *Burr.* 2661. 2669.

*E. Williams,* contra. The only question is, whether the verdict is against evidence; for the affidavits do not disclose any newly-discovered evidence, or show surprise. The evidence now offered is merely cumulative. Even if there was any thing suspicious, yet, as the case has been fully and fairly left to the jury, the court will not grant a new trial. (*Hollingsworth* v. *Napier,* 3 *Caines' Cas.* 182. *South* v. *Brush,* 8 *Johns. Rep.* 84.) This was not a special, but a

general verdict. The jury found a general verdict, and then, on being asked by the judge, they said that they considered that the will had been altered by some unknown person.

PLATT, J. delivered the opinion of the court. The affidavits on the part of the defendant show no grounds for a new trial. There is no *newly discovered* evidence ; nor was there any surprise. The defendant was fully apprized before the trial of what *Wm. Stewart* now swears, and actually subpœnaed him ; and instead of moving to postpone the trial, for the want of his testimony, she voluntarily chose to take her chance without him. Unless there be other grounds, therefore, the defendant must abide by the verdict.

On the merits of the case, the plaintiff proved title in his lessor, as sole heir of *Sarah Richards*, who is admitted to have died seized of the premises in dispute.

The defendant then proved the will of *Sarah Richards*, and claimed the land by virtue of that will.

The plaintiff then gave evidence to show that the will had been altered since its execution, by erasing the word " also," between the words " *Connecticut*" and " all," in the 4th item of the will, and that fact was controverted. The general custody of the will has been with the defendant, as executrix and devisee ; but it has occasionally, and repeatedly, been in the possession of other persons.

The judge properly directed the jury to find, whether the will had been altered after its execution ; and if so, by whom. The jury found a verdict for the plaintiff, and added the following words, " *and the jury considered that the will has been altered by some interested person.*"

In my judgment, the legal construction and effect of the will is the same, whether it be read *with* or *without* the alleged alterations. Nothing is given to *Rachel Malin*, in the 4th clause of the will, whether the word " *also*" be inserted or stricken out. " *Eliza Richards*" is the sole object of the testator's bounty in that clause, as it now stands. The words, " *excepting one thousand acres of land I deed to Rachel Malin,*" are to be understood as excepting so much from the general devise to *Eliza Richards*, and as referring

to the next clause in the will, which devises a thousand acres to *Rachel Malin*, by particular description; and thus ascertains the part *excepted* in the former devise to *Eliza Richards*, which was before indefinite. The words, " excepting one thousand acres of land I deed to *Rachel Malin*," if construed with reference to the whole context, must be read as if in a parenthesis.

A different construction would involve a great absurdity, and require us to reject several words in the 4th clause as senseless and inoperative. For, according to such construction, the 4th clause devises to *Rachel Malin*, " all the lands deeded (to the testator) by *Benedict Robinson*, excepting one thousand acres ;" and in the next clause, that very one thousand acres is also expressly devised to *Rachel Malin*. Thus, the testator would be made to say, I give to *Rachel Malin* all my lands, &c. except one thousand acres, and I give her that one thousand acres too.

If the alleged alteration be *immaterial*, then the question is, whether the finding of the jury, in this case, is sufficient to warrant a judgment for the plaintiff.

The resolutions of the court in *Pigot's* case, (11 *Co.* 26.) were as follows : " When a deed is altered in a *point material*, by the party claiming the benefit of it, or by a stranger, even without the privity of the obligee, or party claiming under it, the deed thereby becomes void."

" If the obligee himself alters the deed, although it be in words *not material*, yet the deed is void. But if a stranger, without his privity, alters the deed in any point *not material*, it shall not avoid the deed." The rule, as laid down in that case, in regard to *immaterial* alterations, seems to have been uniformly sanctioned by subsequent decisions ; but the opinion expressed in *Pigot's* case, that a *material* alteration, though made *by a stranger, without the privity of the party claiming under it*, renders the deed void, is a proposition to which I am not ready to assent. That question is not before us ; and the authorities show, at least, sufficient ground to consider that point still open for consideration. (4 *Term Rep.* 220. 2 *Pothier*, by *Evans*, 179, 180, 181. 5 *Taunt.* 707.) If the alleged alteration in this will was made by *Rachel Malin*, or with her privity, then the

ALBANY,
August, 1818.

LEONARD.
v.
HUNTINGTON.

will is void ; otherwise, it remains valid, notwithstanding the alteration.

In this case the judge properly directed the jury to find, whether the will had been altered after its execution ; and if so, by whom. I think the jury have not answered that question with sufficient certainty and precision. The verdict is, " *that the will has been altered by some interested person.*" The words, " *some interested person,*" do not necessarily designate *Rachel Malin.* Those words are as applicable to the lessor of the plaintiff as to the defendant. The verdict is uncertain on that point, and a new trial ought, therefore, to be granted, with costs, to abide the event.

New trial granted.