Ounce, per Savage, Ch. J.
The defendant alleges that the verdict is against evidence. The evidence is certainly contradictory; and as it is the province of the j ury to weigh the testimony, I should feel unwilling to disturb the verdict on the question of alteration. The jury would have been justified in finding either way. The evidence as to the character of the defendant was improper; but was not objected to; and some of the questions were put by the defendant’s own counsel.
The only point for the present discussion, is, the correctness of the judge’s charge. This must be understood in reference to the facts of the case. The lease was proved *and admitted to be in the handwriting of the defendant. If, therefore, any alteration was made, it must have been made by the defendant himself, and not by a stranger. Had the judge said, that if the lease (supposing it to be for a term of years and therefore a chattel,) had been altered by Payn, though in a part not material, yet it would thereby become void and inoperative as respects Payn’s right to recover upon it, no fault could possibly have been found with the charge. The law was thus laid down in Pigot's case, (11 Co. 27.) That was an action on a bond. It was there resolved, “that when any deed is altered in a point material, by the plaintiff himself, or by any stranger, without the privity of the obligee, be it by interlineation, addition, rasing, or by drawing of a pen through a line, or through the midst of any material word, the deed thereby becomes void,” “ So, if the obligee alters the deed by any one of the said ways, although it is in words not material, yet the deed is void; but if a stranger, without his privity, alters the deed by any of the said ways in any *73 point not material, it shall not avoid the deed.” So in Shepherd’s Touchstone, 69: “ If the alteration be made by the party himself that owneth the deed, albeit it be in a place not material, and that it tend to the advantage of the other party, and bis own disadvantage, yet the deed is thereby become void.” This doctrine is referred to and adopted in numerous authorities. (4 Com. Dig. by Day, p. 294; 15 John. 297.) The ancient doctrine on this subject is supposed by the plaintiffs’ counsel to have undergone some modification in modern times. Platt, justice, in Jackson ex. dem. Malin v. Malin, (15 John. 297,) expresses a doubt whether the act of a stranger should prejudice a party, though the altertion be in a part material; and in Rees v. Overbaugh, (6 Cowen, 746,) we held that it should not. Yet no doubt is any where expressed, that a deed is rendered void by an alteration in favor of the party making it.
In Hatch v. Hatch, (9 Mass, Rep. 311,) Sewall, justice, says these rules have not the same operation where a title *to real estate is in question. The cancelling of a deed will not divest property which has once vested by a transmutation of possession. A man’s title to his estate is not destroyed by the destruction of his deed. The case of Bolton v. The Bishop of Carlisle, (2 H. Bl. 250,) was brought to recover an incorporeal hereditament; a presentation to a vicarage; and it was there held that a right once vested is -not divested by merely cancelling the deed, or by a loss of the title. In that case the deed was said to be cancelled by the seal of the grantor being taken off, and destroyed or lost; but by whom, it is not said.
This doctrine was adopted in Jackson v. Chase, (2 John. 86, 7;) and several ancient authorities say a rent or other subject of grant is not lost by the destruction of the deed, as a bond or chose in action is. (Viner’s Ab. Faits, X. 2. pl. 5, citing Ventris, 297, and 2 Lev. 113, with a quere by Yentris, if the party himself cancels it. 1 Salk. 120.) In Read v. Brookman, (3 T. R. 151,) the question was like that in Bolton v. Bishop of Carlisle ; whether a deed could be well pleaded, being cancelled or lost by time and acci *74 ^ent" "*"fc was tkere held, that when the plaintiff declares on a lost deed, the proper course is, to describe it as lost; and then no profert is necessary. The court proceed upon the doctrine, which cannot be contested, that the loss of a deed does not deprive the party of a remedy upon it. In Dyer, 162, a, it was held that an indenture, being a lease for years, had lost its efficacy; certain words not material being erased by the lessee. In Miller v. Manwaring, (Oro. Jac. 399,) the case was, a lease had been given to Rochester for 30 years ; and a material rasure had been made in it. Two justices held that the deed was void; but the lease remained ; and they took a difference where an estate loseth its essence by a deed; viz: when it may not have an essence without a deed, as a lease by a corporation or of tithes, or grant of a rent charge ; if the deed be rased after delivery, it determines the estate and makes it void. But when the estate may have essence without a deed, there, though the estate is actually created by deed, which is afterwards *rased by the party himself, or a stranger, that shall not destroy the estate, although it destroys the deed. Wherefore they concluded in that case, that the rasure did not avoid the lease. Oroke argued that, as the lease only existed by the deed, it was a contract by deed; and the party in interest under that deed rasing it, he had destroyed the deed, and thereby determined his interest under it. Then, as the lessee made the rasure, he thought it was at the election of the lessor whether the lease should be in force. In 1 Eels. Ab. 625, this doctrine is thus laid down; where an estate cannot have its essence without a deed, there, if the deed is rased in a material part, after the delivery, it makes the estate void; but if the estate may have essence without a deed, there the rasure should not destroy the estate, but the deed.
In the note (136) to Go. Lit. 225, b. it is said, that the cancelling of a deed does not divest the estate from the person in whom it is vested by the deed. (Citing 1 Rep. in Ch. 100; Gilb. Rep. 236.) In the case of Bolten v. The Bishop of Carlisle, the court held that the sancelling of a deed did not divest property which has vested by trans *75 mutation of' possession; and that the law is the same with things that lie in grant. The case before them was of an advowson. The action was a guare impedit to recover the presentation to a vicarage, an incorporeal hereditament; but that case "supposes the deed lost, not fraudulently altered by a party to be benefitted by the alteration. The doctrine in Oro. Oar. and Eels. Ab. seems to be sound; that where an estate cannot have existence, but by deed, and the deed creating the estate is fraudulently destroyed by the party possessing the estate, the deed is void as to any remedy in favor of the fraudulent party; and the estate which he derived under it is gone. But where an estate which may exist without deed, (for instance a fee simple estate in lands,) is conveyed by deed, then the fraudulent alteration or cancelling of the deed, destroys the deed, but not the estate. If the deed be a quit claim, the party loses nothing; if it contain covenants, he loses all right to an action on these; but the title is not *divested. A rent charge can be created in no other manner than by deed; and the fraudulent alteration destroys both the deed and the estate.
In this case, however, there are two leases, one for each party, both alike, and both are properly originals; as they are each executed by both parties; so that there was sufficient evidence to have authorized a recovery by the defendant without the production of the deed in his possession, unless his estate is gone in consequence of the alteration made by him in the copy of the lease, which was in his possession. Had there been but one lease, and that had been altered by Payn, as the copy in his possession was, all the estate which he takes by it would be forfeited and gone. The alteration avoids that deed, so far as he derives a benefit under it. But the estate is not destroyed, as there is still a valid deed in possession of Lewis, which secures to him the estate granted.
I am, on the whole, of opinion, that, although Payn altered the lease in his possession, yet the estate created by it, and by the lease in Lewis’ possession having vested in him, and being still supported by the lease in possession of Lewis, was not divested by the fraudulent alteration of *76 ^ee<^' Had Payn altered both,-then he would havel086 -estate. The rule laid down to the jury is law as applicable to bonds; but the distinctions now taken were a¿verte¿ to.[1]
Hew trial granted.

 See Dart’s Fendors and Purchasers of Real Estate. Waterman’s Notes, pp. 108, 454.