Johnson, J.
delivered the opinion of the Court.
The rule, that the alteration of a note, deed, or will, in a material part, by the party claiming under it, for the purpose of fraud, renders it void, is too well settled to admit of any controversy. Jackson v. Malin, 15 Johns. 297. Stagg v. Pepoon, 1 N. & M. 102. Com. Dig. Fait. F. 1. And it is equally clear, that a simple coutract is extinguished by an obligation of a higher nature. Bac. Abr. Debt. G. Here the debt was originally an account, a simple contract debt; the plaintiff’s intestate accepted a specialty, a note under seal, and that according to the last rule, was an extinguishment of the account. This has been altered in a material part, evidently with the intent to make it read seventy-three instead of twenty-three dollars, and the case resolves itself into the question, whether the obligee, having destroyed the higher evidence for the purposes of fraud, can set up the inferior.
/To prevent fraud was the obvious policy of the rule, which avoids a written contract on account of a fraudulent alteration in a material part; and a forfeiture of the benefit to be derived ' from it is the mean used to enforce it. It is apparent, that if the party guilty of the fraud, may found a claim upon the original consideration, the rule itself would be defeated: and that he cannot, is demonstrable from various considerations. Take the case of a will. There, if the legatee, or devisee, fraudulently alter the bequest or devise, it is void, and he can never set it up. So of a deed to land : The deed is the only admissible evidence of the grantee’s title; and if he render that inadmissible, his title is gone. In both cases, it operates as a forfeiture of the benefit to be derived; and there is no reason why a more indulgent rule should be applied to an obligation to pay money. The forfeiture of the benefit to be derived from the contract, is a just retribution fer the fraudulent intent. The motion is therefore granted, and leave is given to the plaintiff to enter judgment by way of nonsuit.
In justice to the plaintiff, the administrator, it ought to be remarked, that hechas no personal interest in this matter, and that *361 his character places him above the suspicion of any participation in so foul a transaction.
Motion granted.