## JONES *v.* HOARD.

### Opinion delivered April 14, 1894.

1. *Contract executed in duplicate—Alteration of copy.*

   Where a lease is executed in duplicate, the lessor retaining one copy and the lessee the other, a fraudulent alteration by the latter of the copy held by him will not annul the lease, as both copies are originals, and the contract can be proved by the copy retained by the lessor.

2. *Landlord and tenant—Improvements.*

    A tenant who has constructed a house on leased land without the consent and against the protest of the landlord is entitled to recover nothing therefor.

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

*W. G. Whipple* for appellant.

1.   The court erred in reforming the lease. Courts of equity cannot make contracts for parties—they can only remodel them, where it is clear that the intention of the parties was different from that expressed in the writing. Courts will reform only for mistake, inadvertence or fraud. 20 Am. & Eng. Enc. Law, p. 713; *ib.* p. 720; 54 Wis. 311; 5 Abb. (N. Y.), 246; 21 Ala. 252; 56 Iowa, 611; 1 Humph. (Tenn.), 431; 7 Paige (N. Y.), 137; 24 Wis. 496; 1 Pet. (U. S.), p. 1; 6 Ore. 193; 49 Ark. 429; Bisph. Eq. sec. 469; 46 Ark. 174–5; *ib.* 487.

2.   There is no misunderstanding or disagreement as to the rent.

3.   The evidence is against Hoard on the question that Jones fraudulently inserted the clause authorizing him to build three houses in his copy of the lease. An alteration before delivery will not avoid. 1 Am. & Eng. Enc. Law, p. 503. When altered by consent, the law presumes a re-execution. 4 Johns. (N. Y.), 54. Interlineations, made before or concurrently by a party, do not affect the validity of a writing. 78 Ala. 111. Parties who consent to an alteration will not be permitted to withdraw it after obligations or rights have accrued under the instrument as altered. 35 Ark. 225.

*Ratcliffe & Fletcher* for appellee.

1.   The lease was evidently changed by Jones, with a design to injure and defraud, and the lease should be cancelled. He forfeits all rights under it. Wood, Land. & Ten. sec. 226; 18 Vt. 466; 2 Penn. St. 191; 8 Cow.

(N. Y.), 71 ; Wharton, Ev. sec. 622, note 2, etc.   A lease is invalidated by an unauthorized or fraudulent erasure, interlineation or alteration therein in any material respect.   *Ib.*

2.   The burden of proof as to the interlineations was upon Jones.   Wood, Landlord & Ten. p. 345 and note; 1 How. 104 ; 2 Wall. 219 ; Tied. Real Prop. sec. 790 ; 27 Ark. 108 ; 1 Greenl. Ev. sec. 564.

3.   But if the lease was not altered, the stipulation as to building three houses, not being specific, must be construed by the surroundings at the time of its execution.   Certainly ruinous, extravagant buildings, which Hoard, a poor man, could never pay for, were not contemplated, but only small, cheap frame cottages.   23 Ark. 9; 34 *id.* 253 ; 1 Gr. Ev. sec. 277 and note ; Wood, Land. & T. 469.   See also Gear, Land. & T. sec. 112, p. 364 ; Wood, Land. & T. p. 672 (2d ed.), 939 and note 6. The brick building was erected against Hoard's protest, and without his consent and against his persistent objections.   He cannot be made to pay for it.   The lease was unconscionable, and the court had *power* to reform it, but erred in its judgment.

BATTLE, J.   This action was brought in the Pulaski chancery court by Jackson Hoard against George E. Jones to cancel a lease by which Hoard demised to Jones a certain town lot in the city of Little Rock, for three years from the first day of May, 1888, at the annual rent of $24, payable quarterly ; and to restrain the lessee from erecting costly improvements on the demised premises.

The lease was executed in duplicate, and each party retained a counterpart.   By the terms of it the lessee was permitted to build five fences and dig a well on the lot, and the lessor agreed that one-half of the rent should be appropriated to the payment of the expense of

building the fences until it was paid in full. The lessor was to pay all taxes and assessments on the lot and improvements ; and at the end of the term was to pay for the improvements at their value at that time, or continue the lease at the same rate until he should pay for them.

During the term of the lease, Jones, the lessee, erected two small frame houses on the lot, and was erecting a third, of brick, when this action was instituted.

The main contention in this action grows out of the clause : "The lessee is allowed to build three houses." This clause appears in the counterpart of the lease which was retained by Jones, but is not in the one held by Hoard. As originally written, nothing was said in the lease about houses. Hoard insists that the clause was inserted after the execution of the lease, without his consent or knowledge, and Jones says it was inserted by him by permission of Hoard, and that the lease was thereafter acknowledged before a justice of the peace by both parties.

As to the first two houses erected by Jones, there is no controversy. The parties agree that they were built by Jones under an agreement that Hoard would pay the value of the same to Jones when the possession of the lot was delivered according to the terms of the lease, and that the lease should continue in force, at the annual rent of $24, until such payment should be made. As to the third house, Hoard says that he protested against the erection of it at the time Jones commenced to build it, but Jones insists that plaintiff requested him to build a store-house, and, after he commenced to do so, objected to the kind of building he was putting up, but told him, "if it wouldn't cost more than $500, to go ahead and build it." It appears, however, that it cost $1150 or more.

At the hearing both parties adduced evidence in support of their respective contentions. The appraisement of the buildings by persons selected by the parties, showing the value thereof to be $1550, was introduced and read as evidence. .

The court decreed that Hoard should pay to Jones the sum of $1550 for the three houses ; that Jones should surrender possession on the payment to him of that amount, and of the sum of $36.75 due him for fencing, less the sum of $14 due Hoard for rent of the lot from the first day of October, 1890, until May 1, 1891, the date of the expiration of the lease ; and that Jones pay to Hoard for the use of the lot the sum of ten dollars a month from the 1st of May, 1891, until the improvements are paid for, and pay all the taxes, present and future, and retain possession of the lot until the amounts due him under the decree are paid ; and that each party pay one-half of the costs. Both parties have appealed.

1. Alteration of contract executed in duplicate.     As to the alteration of the counterpart retained by Jones, it is sufficient to say, we find from the evidence that it was made by Jones, without the consent or knowledge of Hoard, after the execution of the lease. But this does not affect the rights of Jones under the contract actually made by the parties, for, the lease being executed in duplicate, there were two leases, and both were originals. Although the alteration of the lease held by Jones annulled that, the lease retained by Hoard was sufficient to sustain the contract of the parties. *Lewis* v. *Payn*, 8 Cow. 71 ; 1 Taylor on Landlord and Tenant (8th Ed.), sec. 165; 1 Wood on Landlord and Tenant (2nd Ed.), sec. 222 and notes.

2. Right of tenant to recover improvements.     As to the third house, which was in the course of construction when this action was brought, it being erected, as we find from the evidence, without the consent of Hoard, and against his protest, Jones is entitled to nothing ; and as to the other houses he is entitled to

the payment of a sum of money equal to their value at the time when he shall deliver the possession of them to Hoard; and he is entitled to hold the lot and improvements, he paying annually $24, as rent, until the first two houses and the fences built and well dug on the lot shall be fully paid for by Hoard.

The decree of the chancery court is, therefore, reversed, and the cause is remanded for proceedings consistent with this opinion.