### FREDERICH KOPPLIN V. ALBERT KOPPLIN.

#### No. 1015.

1. **Equitable Jurisdiction—Choice of Remedies.**—A party having a right to specific performance, is not bound to show that he has no adequate remedy at law before jurisdiction to enforce his equity will be entertained. Plaintiff can select his remedy.

2. **Same—Specific Performance.**—Complainant executed a vendor's lien note, May 4, 1892, due seven years thereafter, with interest from date. He had the right at any time to pay $100 or over, and it was mutually agreed that such payments should be indorsed as credits upon the note. The maker paid $100 in June and $100 in July, 1892, on the principal of the note. The payee, who is defendant, did not credit said payments, but refused to do so, and had been trying to dispose of the note. These facts being set up show a cause of action, and it was error to sustain a demurrer.

APPEAL from Comal. Tried below before Hon. EUGENE ARCHER.

*F. J. Maier,* for appellant.—1. Either party to an agreement based upon a valuable consideration, after he has performed his part of said agreement, can maintain an action for specific performance on part of the other party if he refuses to perform his part, when in the nature of the case such performance is possible, and damages would not be a full or adequate remedy. Tuttle v. Monroe, 16 Minn., 123; McMullen v. Vanzant, 73 Ill., 190; Hall v. Hiles, 2 Bush (Ky.), 532; Kidley v. Henderson, 43 Texas, 134: Stover v. Railway, 2 You. & Coll., 48; Carpenter v. Ins. Co., 4 Stanf. Ch., 408; Ins. Co. v. Ins. Co., 2 Curt., 524.

2. An action for specific performance will lie to compel the indorsement of a partial payment on a negotiable instrument, when the instrument shows that such payments and indorsements can be made by the maker, or when it is agreed at the time of making said payments that such indorsements should be made. Story Eq. Jur., secs. 700, 729, 995; Watkins v. Maule, 2 Jac. & W., 242 (High Court of Chancery, 1819–1821); Tuttle v. Monroe, 16 Minn., 123; McMullen v. Vanzant, 73 Ill., 190; Bromley v. Holland, 7 Ves., 20, 21; Jervis v. White, 7 Ves., 414; Ryan v. Mackmath, 3 Brown's Ch., 16.

*J. D. Guinn,* for appellee.

FISHER, CHIEF JUSTICE.—The trial court sustained a general demurrer to the appellant's petition, stating in effect as follows: That heretofore he, plaintiff, purchased a large tract of land from defendant, as witnessed by a deed dated May 4, 1892, for the consideration of $12,000; that $800 were paid to defendant in cash on said day, and plaintiff's promissory note with vendor's lien was given for the remaining $11,200, said note bearing even date with said deed, payable on or before seven years after date, payable to Albert Kopplin, defendant, or order, with interest at 7 per cent, payable annually, plaintiff having a right to pay any amount of $100 or over at any time that he desired before

maturity; that a fuller description of said note can not be given, and that said note was delivered to defendant; that it was mutually agreed and understood, at the time of making said note and afterwards, that every payment made by plaintiff should be indorsed on said note, and that defendant should also give plaintiff a receipt therefor; that in accordance therewith plaintiff has made several payments, and all were indorsed and receipted as aforesaid, except two of said payments that were made as follows: plaintiff paid defendant $100 on June 15, 1892, and $100 on July 3, 1892, which payments were made on the principal of said note; plaintiff received no receipt at the time, because no writing material was convenient, and said payments were not then and there indorsed on said note, because said note was not immediately at hand, but it was, at the time of making said payments, mutually agreed and understood that each of said payments should be indorsed on said note as soon as convenient, and that defendant should give plaintiff a receipt therefor when said indorsements were made; that some time after this, plaintiff requested the defendant to indorse said payments on said note and give him receipts therefor, which defendant said he would do; that afterwards, on or about January 5, 1893, plaintiff's agent saw said two payments of $100 each were not indorsed on said note, whereupon plaintiff through his agent requested defendant to indorse said two payments upon said note, and demanded a receipt for the same, according to their agreement; when defendant refused to make said indorsements and refuse to give said receipts, and still refuses to do so, but denied and still denies that he ever received said money, and insists on charging plaintiff interest thereon at the rate of 7 per cent, and insists that plaintiff still owes said $200; that said note is a negotiable instrument, and defendant might transfer the same to an innocent holder, and plaintiff is afraid, believes, and has good reasons to believe, that defendant will transfer said note to an innocent purchaser for value before maturity thereof, and defendant has already tried and still tries to transfer said note to an innocent purchaser for value before the maturity thereof, in which event plaintiff would again have to pay the innocent holder the said $200, with interest from said dates; that as said note is not due for more than six years from the time of filing this suit, and as said payments of $100 each are not witnessed by any instrument in writing, but by eye-witnesses only, it is necessary to have the dispute over the said $200 settled before the maturity of the said note, as the witnesses would be liable to forget the facts, or die or leave for parts unknown during so long a time; that this note is still the property of defendant and is still in defendant's possession; that defendant also took possession of a set of carpenter tools and a churn worth $31; said tools and churn were on said farm and sold to plaintiff with said farm, and defendant agreed to deliver said tools and churn to plaintiff; that defendant, however, converted said tools and churn to his own use and declines to deliver them to plaintiff, though often thereunto requested. As plaintiff has

no adequate remedy at law concerning said $200, he prays the court to invoke its equitable powers and decree a specific performance, compelling defendant to produce said note in court, and that the clerk be instructed to indorse said two payments of $100 each on said note, with the dates upon which they were made. If the court declines to or can not grant this remedy, plaintiff prays for an alternative judgment against defendant for $200, with interest at 7 per cent from the dates aforesaid. Plaintiff, in addition to the foregoing, prays judgment requiring specific performance of that part of said contract in which defendant promised to deliver to plaintiff the set of carpenter tools and churn, and if the court declines to or can not grant this remedy, plaintiff prays for an alternative amount of $31 for said tools and churn, also for all costs of suit, and other relief as is just and equitable.

Appellant in his brief states, that no question is raised as to the cause of action concerning the tools, "and that the points presented in his brief will be confined to the matter stated in the first count."

The appellant declined to amend, and therefore his action was dismissed. It is stated in appellant's brief, that the demurrers were sustained on the ground that no action would lie on the facts stated, and that if appellant had a cause of action he did not pursue the proper remedy. From the manner in which the case is treated by both parties, we think the appellant correctly states the reason that influenced the trial court in sustaining the demurrers.

From the facts stated, it will be seen that the action is one seeking to enforce the performance of a promise made by the payee of a note at the time of its execution to the maker, that payments when made should be credited upon the paper by a proper indorsement to that effect. As reasons for invoking the equitable powers of the court to enforce this contract, it is alleged that the note will not mature for a number of years, and that by its terms it may be paid off, and also interest, by installments; or in other words, payments may be made during each year before its maturity; and unless such credits are made and indorsed on the note, the evidence of such facts may fade from the memory of witnesses, or they that know the facts may die, and consequently the appellant be without evidence to prove such payments; and for the further reason, that said note is negotiable in form, and that the appellee is threatening to sell, and may sell it, before maturity, to an innocent holder; and if such would be the case, the purchaser would acquire title unaffected by the payments made by appellant.

The appellee contends, as the petition does not aver the insolvency of appellee or state facts showing that the appellant has no legal remedy, or that, if one exists, such a remedy is inadequate, that therefore no error was committed in sustaining the demurrer.

We desire to deal with this question at the outset. The action stated and the relief asked is one in effect of specific performance based upon a valid engagement entered into between the parties. The appellee has refused to perform this contract, and this suit is for the purpose of

enforcing it. We do not understand, in actions of this character, that a court will decline to decree a performance of the contract because a plaintiff may also have his action in damages for its breach, but the rule as we understand is, that a plaintiff so situated may sue either to enforce the contract or elect to bring his action for the damages occasioned by its breach. Because the defendant may be able to respond in damages affords no reason why he should not be required to perform the engagements that he has entered into. It could not be successfully contended that a vendor who, by a legal contract, agrees to convey his real estate, could defeat the action brought by his vendee looking to a performance of that agreement, because he may be able to satisfy such damages that the vendee may have sustained by the breach of the contract. The following authorities support these views: McMullen v. Vanzant, 73 Ill., 191; Bank v. Roden, 11 South. Rep., 883; Henderson v. Johns, 13 Colo., 281; Tuttle v. Moore, 16 Minn., 124.

There are some cases that seek to draw a distinction between actions looking to the performance of contracts relating to personal property, and in such actions hold that the remedy afforded by law must be pursued. The correctness of these decisions is to be doubted; but be this as it may, they do not apply to this case, because the notes in question represent the purchase price of land, and as to the amounts thereof are a lien on the land, and when a payment is made it is a discharge of the lien to that extent, consequently the question involves one affecting real property.

Notwithstanding the disposition we have made of this question, we are inclined to go further, and hold that in our blended system, where there is no distinction between the exercise of jurisdiction affecting legal and equitable actions, and where the policy of the law is to settle the rights of the parties in accord with the then existing facts by whatever name—legal or equitable—they may be called, it seems that no good reason exists for denying a litigant the relief afforded by a court of equity, although he may also be relieved or compensated by an action solely at law. Under a system that authorizes judicial tribunals to determine the rights of the parties in accord with the facts pleaded and proven, whether they be such as present legal or equitable issues, or a combination of both, what reason can there be for postponing or disregarding that phase of the case that may present equities and base the relief solely upon that part of the case that presents a legal demand? We must confess, that if a sound reason exists for any such distinction we have failed to discover it.

The Supreme Court of this State, in the case of Day Company v. The State, 68 Texas, 536, has in our opinion decided this very question, and our views are no more than those expressed by the court in that case.

The remaining question is, whether the petition states a cause of action. Independent of what has been said with reference to the powers of the court under our system to require specific performance of a

contract although remedies may exist at law, it is a familiar exercise of jurisdiction in equity to require the performance of a contract, when it appears that, if held in abeyance, the facts upon which it is based, by reason of the lapse of time, may fade from the recollection and memory of those that know its terms; and when it appears that the defendant occupies such an attitude with reference to the rights of property of the complainant that a delay or refusal by him to perform his contract may result in injury to the plaintiff, and especially in cases such as this, where the facts alleged show a purpose of the appellee to convey a note negotiable in form without indorsing upon it the credits and payments which have been made. Dobbins v. Oberman, 17 Neb., 163.

Many instances may be cited such as are presented by the facts of this case in which equity has required the contract to be performed, or in lieu thereof, entered a decree fully protecting the rights of the complainant. In Brown v. Runals, 14 Wisconsin, 694, the court compelled the delivery of a mortgage after it was paid. In Cutting v. Dana, 25 New Jersey Equity, 265, the court decreed the performance of a contract to assign a claim. In McMullen v. Vanzant, 73 Illinois, 191, the maker of a note obtained from the holder its possession under a contract to return it or make a new one; a performance of this engagement was decreed. In Henderson v. Johns, 13 Colorado, 281, a specific performance of a contract to deliver instruments of writing was decreed. To same effect, Clarke v. White, 12 Peters, 187. In Shirkly v. Davis, 63 American Decisions, 233, an agreement to deliver to sureties choses in action to secure and indemnify them against loss was decreed. In Rutholtz v. Schwartz, 19 American State Reports, 410, specific performance for the sale of chattels, and to be paid for in securities, was decreed. In Gottschalk v. Steim, 69 Maryland, 52, it is decided, that equity will compel the performance of a contract to convey certain notes. The case of Bennett v. Abrams, 41 Barbour, 623, is very full upon this point, and decides, that a vendor who agrees to release a mortgage on land sold to his vendee will be compelled by a court of equity to perform that agreement; and also decides, that the law in such cases affords no adequate remedy, and that the relief will be granted, although the injury complained of in fact does not exist, but is simply apprehended and possible. To the same effect is Matins v. Brown, 4 New York, 404, and Tiernan v. Granger, 65 Illinois, 352. A contract for the lease of land will be decreed: Robinson v. Perry, 21 Ga., 185; Clark v. Clark, 49 Cal., 587; Switzer v. Gardner, 41 Mich., 164. The principle is announced in Lawrence v. Lawrence, 42 New Hampshire, 110, that when by failure to execute an instrument the vendee is exposed to peril, equity will enforce the performance of a contract agreeing that it should be executed. In Arnold v. Cord, 16 Indiana, 177, in an instructive opinion, the court holds, that when the defendant agrees to execute a defeasance, and refuses, his act is a fraud, and equity will compel a performance. Another instructive case is

Dean v. Anderson, 34 New Jersey Equity, 497, where it is held, that a contract to execute or release a mortgage on lands will be enforced. In Tuttle v. Moore, 16 Minnesota, 123, it is held, that a contract to cancel and deliver up certain notes, although overdue, will be enforced. Other authorities are in point: 7 Ves., 20, 21, 414; 3 Brown's Ch., 16; 1 Story Eq., p. 28, secs. 86, 99; 2 Story Eq., secs. 700, 709–711, 714–743, 958, 995; 5 Laws. Rights and Rem., secs. 2583–2609.

A review of these authorities must lead to the conclusion that the court erred in sustaining the demurrer to the petition. At this stage of the case we will not intimate what character of decree should be rendered in the event that appellant should recover, but we refer to the case of Bennett v. Abrams, 41 Barbour, 623, and to Mr. Pomeroy's work on Specific Performance.

*Reversed and remanded.*