## MAKEE SUGAR COMPANY *v.* TUCK CHEW.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JULY 12, 1900.                    DECIDED AUGUST 6, 1900.

FREAR, C.J., GALBRAITH, J., AND CIRCUIT JUDGE HUMPHREYS
IN PLACE OF PERRY, J., ABSENT.

The parties executed a lease in duplicate, each retaining a copy; afterwards they agreed to alter it by inserting a clause of forfeiture and reexecuted the lessor's copy as so altered, and although they neglected to alter the lessee's copy, they acted thereafter as if the lease had been altered as agreed; afterwards the lessor dispossessed the lessee for breach of covenant, and the lessee brought action against the lessor for alleged unlawful dispossession; the lessor then brought this bill in equity for specific performance of the agreement to alter the lessee's copy and for an injunction against his setting up that copy unaltered in the action at law; the lease and estate created thereby have determined and the lessor's only object is to be protected against the lessee's action at law. Held, that the bill should be dismissed, as the lessor may set up the altered lease

in the action at law, and the rule that the lessee's copy prevails over the lessor's in case of a discrepancy, where both are executed at the same time as counterparts, does not apply to a case like the present, where the apparent discrepancy is due to an alteration made in the lessor's copy in pursuance of a subsequent agreement to alter the lease,—to effect which alteration it is sufficient to modify one copy only.

### OPINION OF THE COURT BY FREAR, C.J.

The plaintiff, a corporation, as lessor, and the defendant, as lessee, executed in duplicate a lease dated August 1, 1894, of certain rice lands situated at Kapaa, Kauai, each retaining a copy of the lease; the lessee afterwards committed breaches of a covenant to sell no rice to others than the lessor without the latter's consent; the lessor, finding that a forfeiture could not be enforced under the terms of the lease for breaches of this covenant, informed the lessee that unless a change were made in the lease whereby such a forfeiture could be enforced, it, the lessor, would cease making advances of goods and money to him, as it had been doing voluntarily, and would seek to recover the advances already made as well as damages for breaches of the covenant; the lessee agreed to the proposed change and thereupon the last page of the lessor's copy of the lease was destroyed and a similar page with the addition of a clause of forfeiture was substituted and both parties executed the lease as thus modified; the lessor requested the lessee to bring his copy to be modified in the same manner, which the latter promised to do but never did; the lessor's manager, who acted for it throughout, forgot about the matter of changing the lessee's copy and, with the lessee's knowledge and acquiescence, acted thenceforth on the belief that the lease was in force only as modified, and abstained from pursuing the remedy at law for the former breaches, and continued to make advances until the lessee was indebted to it in the sum of $7,199.05; in 1896, the lessee again committed breaches of the covenant mentioned, and the lessor, by a new manager who was not aware that the lessee's copy did not correspond with the les-

sor's, entered under the forfeiture clause which had been inserted in its copy and dispossessed the lessee and retained possession as of its former estate; in 1897, the lessee brought an action against the lessor for $107,848.50 damages for alleged unlawful dispossession and at the trial, in 1898, produced his copy of the original lease which did not contain the forfeiture clause and obtained a verdict for $29,844.20, the lessor's copy of the lease as modified having been refused admission as evidence, the lessor being unable at the time to explain the discrepancy between the two documents, as its former manager was out of the country; afterwards the lessor, having learned the facts from its said former manager, moved for a new trial on the grounds of newly discovered evidence and excessive damages and obtained an order for a new trial on the latter ground; it then brought this bill for specific performance to compel the lessee to change his copy of the original lease so as to conform to its copy of the lease as modified and for an injunction to restrain the lessee from using or representing at the new trial or otherwise as valid and binding his copy of the original lease.

The foregoing are substantially the facts as alleged in the bill and found by the Circuit Judge, who granted the relief prayed for. The defendant on this his appeal does not question the findings of fact but contends that they do not entitle the plaintiff to the relief asked, for the reason, among other things, that it has an adequate remedy at law. In this we agree with him.

It is clear that plaintiff's object in seeking specific performance of defendant's promise to alter his copy of the original lease is not to obtain any benefit under the lease, but merely to prevent the defendant from using his original copy to plaintiff's disadvantage in the action for damages. The lease and the estate thereby created have determined. The object in seeking specific performance is the same as that in seeking an injunction, namely, to prevent the defendant from asserting his copy of the original lease as still in force. In *Switzer v. Gardner*, 41 Mich. 164, it is true, specific performance was ordered of an agreement to execute a modified lease after its expiration, the court remarking,

among other things, that, "The parties may have some rights requiring its [the lease's] determination, and it can do no harm." But the facts of the case differed somewhat from those here presented. There the original lease apparently had never taken effect; its possession seems to have been wrongfully procured by one of the defendants, who then wrongfully assigned an interest in it to another; and the modified lease had never been executed and there was some dispute as to its terms, these not having been reduced to writing. The court evidently would not have sustained the bill for specific performance alone, for it said that it was "certainly anomalous to grant relief in the form of specific performance of a lease which has expired," and that "the main relief was the cancellation of the first lease, which was properly ordered." In the present case the first lease had taken effect, the modification had been reduced to writing and one copy of the lease as modified had been executed by both parties and was in the possession of the lessor, and the lease had expired. No reason is suggested why specific performance of the promise to alter the other copy should be ordered except to prevent the defendant from using it in support of his action for damages. In our opinion this is not a proper case for specific performance unless that relief can be justified as a necessary equitable remedy designed to accomplish the same results as would be accomplished by the cancellation of the defendant's original lease or by an injunction against his setting it up in the action at law. We therefore pass to the question suggested more patently by the plaintiff's prayer for an injunction.

Could the plaintiff assert his rights under the modified lease by way of defense to the action at law? The presiding Judge held at the first trial that it could not, but that was on the assumption that the copies in the possession of the respective parties had been executed at the same time and as counterparts of each other. In such case no doubt the rule is that the lessee's copy, often called the original, prevails over the lessor's copy, known as the counterpart, where there is a discrepancy which

cannot be explained in a legal manner. But this rule does not forbid the introduction of evidence of a subsequent alteration. There is considerable authority for the view that even an oral modification within the statute of frauds may be set up by way of defense to an action at law as well as to a suit in equity. See Browne, St. of Fr., Secs. 434, 435; Reed, St. of Fr., Sec. 471 *et seq*. But here the modification was in writing and signed by both parties. It would be strange indeed if the lessor could not set up by way of defense to an action at law brought by the lessee and founded on an original lease, a subsequent modification agreed to and executed and acted upon by both parties. The only authority relied on by the plaintiff to show that its modified lease would be inadmissible at law is Gear, Ld. & Ten., Sec. 64, citing *Burchell v. Clark*, L. R. 1 C. P. D. 602. In that case the term was stated as $94\frac{1}{4}$ years in the habendum and $91\frac{1}{4}$ years in the reddendum of the lessee's original and $91\frac{1}{4}$ years in both habendum and reddendum of the lessor's counterpart. It was held that the habendum controlled the reddendum and that the original controlled the counterpart and that the latter was inadmissible to explain the former in case of a discrepancy. It may be remarked in passing, as a matter of interest, though not material to the present discussion, that the decision in that case was reversed on appeal (L. R. 2 C. P. D. 88), the court holding that the original itself showed that a clerical mistake had been made and that in such case it was proper to look to the counterpart for an explanation. It may be remarked also that the distinction between the lease or original and the counterpart has now largely disappeared, each now being generally regarded as an original or each as a counterpart of the other, and that in the present case each purports to be complete in itself and contains no reference to the other or anything to indicate that there was another. It is apparent that *Burchell v. Clark* has no application to the case at bar. That was a case of a discrepancy between two documents executed at the same time as original and counterpart. This is a case of a subsequent alteration or new agreement. If the lease as modified had been recopied throughout and executed in dupli-

cate by both parties and the lessee had afterwards destroyed his copy but had retained his copy of the original lease, could not the lessor set up its copy of the modified lease? What more does the lessor need than his copy whether the lessee has a copy of the old or the new lease or not? In *Lewis v. Payn*, 8 Cow. 71, the lessee altered his copy in a material respect, which made void not only that copy but the estate itself so far as it depended on that copy, but the court held that he still held the estate under the lessor's copy, saying, among other things, "there are two leases, one for each party, both alike, and both are properly originals; as they are each executed by both parties." The lessee is entitled to have the issues of fact tried before a jury in an action at law unless the lessor can show that it has rights that cannot be protected except by the intervention of a court of equity. It has not shown this.

The decree appealed from is reversed and the bill dismissed with costs.

*Kinney, Ballou & McClanahan* for the plaintiff.

*J. T. De Bolt* and *P. Neumann* for the defendant.