Curia, per Savage, Ch. J.
This was an action of ejectment, to recover part óf lot 66, in township 6, in the first range of Phelps & Gorham’s purchase.
Both parties claim under John Livingston. The lessor of the plaintiff showed title to lot 66, and James Dean, under whom the defendant claims, to lot 73.
The. question is, whether the premises lie in lot 66.
The conveyances describe the lots by their numbers. The field book has been burned; the location, therefore, must- be made out by other testimony.
The first objection was to the lessor’s deed, on the ground of an alleged alteration. The letter S. is interlined after the word lot, and before sixty-six, in describing the subject of conveyance. The interlineation was not noted on the deed, and appears to have been made with, darker ink than the other writing in the deed; and this is all the evidence of an alteration. The judge, at the circuit, thought this insufficient to establish a forgery; but perhaps it is sufficient to call for explanation on the subject. From the view which I have taken of this question, I do not consider it very important whether the S. was interlined when the deed was executed, or afterwards. The effect of an alteration in a deed conveying real estate, was considered by this court in the case of Lewis v. Payne, (8 Cowen, 71.)
Admitting that the deed read lot, in the singular, when it was executed, it then conveyed an estate in certain premises. The estate not being one which lies entirely in *134 grant, was not divested by a subsequent fraudulent, or even felonious alteration. [1]
The estate then continues, and the question is, what premise's were conveyed by the description “ lot 66.”
It is not uncommon for one lot to consist of two parcels. This appears in testimony; and instances of this bind are known to the court. If the field book were to be found, that would show the description of lot 66; but" in the absence of that proof, the fact that lot 66 is laid down on maps copied *from the original survey of the town with the name of John Collier, the lessor of the plaintiff, upon it; that the lots contain 250 acres each; and that number 66, without the premises m question, contains but. 125 acres; and lot 72, to which the defendant claims that the premises in question belong, contains, without these.-premises, very near its quantity; these are circumstances which warranted the. jury in finding that both pieces belonged to lot 66.
The other question in the cause is" one of location purely.. Lots 72 and 66 lying" adjacent to each other, do the premises in possession of the defendant lie in lot 661 On this point, the testimony leaves the question as to the line not so satisfactory as might be desired. The fact of a line having been run, leaving about 249 acres in' 72, and about 220 in 66," is established: and that this liné was run 35 or 36 years before the trial, and corresponding or nearly so, with the other interior lines of the town, is not to be questioned; but the line does not seem to correspond with any others ; and is," in itself,' not a straight line. The opinions of witnesses, some' that it was a hunter’s line, and others that it was the division between lots,' were all fit subjects for the consideration of thé jury.
I am of opinion, on the whole,"that the motion for a new trial be denied.
New trial denied.

 Schutt v. Large, 6 Barb. S. C. Rep. 373. Jackson v. Gould, 7 Wen. 366. Morgan v. Elam, 4 Yerger, 375. Herrick v Malm, 22 Wen. 388. but such an alteration will avoid covenants, id.