## George H. Welch v. John L. Coulborn.

The rule of evidence is now well settled that generally, if nothing appears to the contrary, the alteration of an instrument or paper, will be presumed to be cotemporaneous with the execution of it. But if any ground of suspicion is apparent upon the face of it, the law presumes nothing, but leaves the question of the time when it was done, as well by whom done, and the intent with which it was done, as matters of fact to be ultimately left to the decision of the jury. And, therefore, it is no ground for excluding the instrument or paper from the jury until such apparent alteration has been explained and such suspicion has been removed by the party offering it in evidence.

Where other receipts for payments made to the same party in similar transactions of business between the parties, and which are admitted to be genuine, are already in evidence in the case, the jury may compare with the handwriting of them, the handwriting in which the alteration is made in another and a disputed receipt, for the purpose of satisfying themselves whether it is, or is not, in the handwriting of the same party. If, however, the jury should be satisfied that the alteration was not in the handwriting of such party, it would be incumbent upon the party offering it to prove to their satisfaction that it was made with the knowledge and consent of such party; for if it was not made by him, or was not made until after he had signed and delivered it to the party offering it, and the alteration was for the benefit and advantage of the latter, it would be such a suspicious alteration as would impose upon the party offering it, the obligation of removing the suspicion by satisfying the jury that it was nevertheless done with the knowledge and consent of the other party.

On a rule to ascertain by the verdict of a jury the amount due upon a judgment against a collector of taxes to a county treasurer, his receipt to the collector for a payment made by him on account of taxes collected, is admissible in evidence on behalf of the collector without proof that he took two receipts for it and delivered one of them to the Clerk of the Peace of the county.

Rule to show cause wherefore a judgment entered in this court on the ninth day of July 1867, at the suit of the State of Delaware against George H. Welch on his official bond with warrant of attorney to confess judgment thereon annexed, as the collector of public taxes in and for Cedar Creek hundred, for the sum of nine thousand dollars, and a writ of *fieri facias* thereupon issued by the order of John L. Coulborn, County Treasurer of

Sussex County, returnable to the October Term 1867 of this court, and then returned by the sheriff levied on his goods and chattels, and the same appraised and remained unsold for want of time to advertise before the return thereof, and levied on his lands &c., should not be staid and he should not be let into a trial before a jury at the bar of the court to ascertain whether any, and what amount, was due upon said judgment.

The affidavit of the plaintiff in the rule alleged that the real amount due from him on the judgment as such collector, was less than the amount claimed from him by the defendant, as County Treasurer, by the sum of $1000, inasmuch as he had paid to him the sum of $1302.23 on the seventh day of May 1867, and for which he held his receipt duly signed and delivered to him of that date, whilst he had only credited him on his books as such treasurer, with the sum of $302.23, as paid by him on that day. The only question of fact involved in the case was the genuineness of such alleged receipt, and whether or not it had since been wrongfully altered from "three" to "thirteen" hundred and two dollars and twenty-three cents, which were written in letters and not in numerals in the body of it, as was alleged and contended by the defendant.

*Moore*, for the plaintiff, offered the receipt in evidence.

*W. Saulsbury*, for the defendant, objected to the admissibility of it. When the alteration is suspicious and for the benefit of the party holding it and offering it in evidence for his benefit, the presumption is against it, and he is bound to explain or account for the alteration, and to rebut that presumption; and it was always a preliminary question to be decided by the court whether any paper writing offered, is proper to be admitted in evidence. *Fillon v. Clinton & Essex M. Ins. Co.* 7 *Barb.* 564. The provisions of the statute, *Rev. Code, chap.* 12, *sec.* 9, *p.* 30, also require that a collector on paying any money collect-

ed by him to the county treasurer, shall take two receipts for it and deposit one of them with the clerk of the peace in ten days; and makes the omission of it an indictable offence. There was no pretension, however, that it had been done in this case. But one receipt, therefore, was not sufficient evidence of the payment under the law, and particularly, one such as this, which had not only been retained in the private possession of the plaintiff ever since, but which bears upon its face suspicious marks of a most material alteration of from three to thirteen hundred dollars, should be, *prima facie*, inadmissible in this case, until such alteration had been satisfactorily accounted for and explained.

*Moore.* The decisions upon this question had been both numerous and conflicting in this country, as well as in England. But the rule is now well settled in this country, at least, that the proper legal presumption is that an alteration on the face of the paper was made before the execution of it. 1 *Greenl. Ev. sec.* 564. 1 *Phil. Ev.* 606.

*By the Court.* Although there have been varied and conflicting decisions on this subject both in England and some of the States in this country, and which are referred to in the notes to the section just cited from 1 *Greenl. Ev.* the rule is now well settled as stated by him in that section, to the effect that generally, if nothing appears to the contrary, the alteration will be presumed to be cotemporaneous with the execution of the instrument or paper. But if any ground of suspicion is apparent upon the face of it, the law presumes nothing, but leaves the question of the time when it was done, as well as by whom done, and the intent with which it was done, as matters of fact to be ultimately left to the decision of the jury. The matter must, therefore, be left to the jury, and the paper is admitted in evidence.

Several witnesses were then examined on behalf of the parties respectively, and upon inspection of the pa-

82

per expressed contrary opinions in regard to the altera-
tion, and whether it was, or was not, in the handwriting
of the defendant.

*Causey,* for the plaintiff. All the receipts for payments
made by the plaintiff during his term of office to the de-
fendant were in evidence, and all of which were con-
ceded to be genuine, except the one in question, and
were properly and necessarily in the case under the in-
quiry propounded by the rule; and as they were numer-
ous and related to similar official transactions between
the parties for more than a year, the jury might compare
the latter with any and all of them, and from such com-
parison judge for themselves whether it was not as gen-
uine as the rest. 1 *Greenl. Ev. sec.* 578. And asked the
court to charge the jury that if they should be satisfied
from all the evidence before them that the paper in ques-
tion was in fact the receipt of the defendant for the
amount mentioned in it, the plaintiff would be entitled
to recover without proving that a duplicate thereof was
taken at the same time and deposited in the office of the
Clerk of the Peace of the county in ten days thereafter.

*Saulsbury, (Cullen with him).* If, on the production of a
receipt or other paper writing in evidence, it appears to
have been altered, it is incumbent upon the party offering
it to account for and satisfactorily explain such appear-
ance. Every alteration on the face of a written instru-
ment detracts from the credit of it and renders it suspi-
cious, whenever the effect of the alteration is such as to
render it more beneficial to his interests in the case; and
that suspicion, the party offering it in such a case, was
ordinarily bound to remove. If it is noted on the paper
as an alteration made before the execution of it, or if it
appears in the same handwriting and ink as the body of
the instrument, that will be sufficient to account for it. 1
*Greenl. Ev. sec.* 564. 9 *Cow.* 125. 1 *Met.* 221. 35 *E. C.
L. R.* 377. 2 *Wend.* 555. But no evidence whatever

had been offered by the plaintiff to explain or account for such a great change in the amount of the receipt; and the jury would be able to see for themselves that the alteration was not in the same handwriting, nor in the same ink as the rest of the receipt.

*Moore*, replied.

*The Court, Gilpin, C. J., charged the jury.* That as there appeared to be no substantial difference of opinion between the counsel as to any principle of law involved in the case and respectively alluded to by them, he would only say that the law applicable to the facts of the case had been correctly stated on both sides; and as it was apparent upon the face of the paper that an alteration had been made in the part of it particularly referred to, it would be for them to decide from all the evidence in the case, whether it was, or was not, in the handwriting of the defendant, and for that purpose they might in considering the testimony of the witnesses on that point, also compare the handwriting in which it had been made, with the hand writing of the receipts which they had before them, and which were not disputed, but admitted to be genuine receipts of the defendant. But if they should be satisfied that it was in the hand writing of the defendant, then it was not material when it was made by him, whether before or after he had signed it. If, however, they should be satisfied that it was not in the hand writing of the defendant, then it was incumbent upon the plaintiff to prove to their satisfaction that it was made with the knowledge and consent of the defendant. For if it was not made by the defendant, or was not made until after he had signed and delivered the paper to the plaintiff, it would be such a suspicious alteration as would impose upon the plaintiff the obligation of removing the suspicion by satisfying them that it was, nevertheless, done with the knowledge and consent of the defendant. But should they be satisfied that the alteration

was in the handwriting of the defendant, or if not in his handwriting, that it was made with his knowledge and consent, either before or after he signed the paper, (for his signature to it is not denied,) it would not be necessary for the plaintiff also to prove that he delivered a duplicate of it at any time thereafter to the Clerk of the Peace of the county, in order to entitle him to a verdict in this case.

The defendant had a verdict.