CASE *v.* PETERS.

## Seth Case v. Samuel E. Peters.

*Reforming deeds in equity: Parol evidence to establish trusts.* Deeds of conveyance, leases or other written evidences of title, will not be changed by proof of a verbal agreement, except in very clear cases, and where the contract is proved to the entire satisfaction of the Court.

*Heard April 25. Decided April 26.*

Appeal in Chancery from Wayne Circuit.

The bill in this cause was filed in the Circuit Court for the County of Wayne, in Chancery, by Seth Case, against Samuel E. Peters. It states that about the year 1844, the complainant leased of Bishop Lefevre, certain premises in the city of Detroit, situated on the corner of Bates street and Michigan avenue, for a period of ten years: That he had erected upon said premises four buildings, for the purpose of renting the same, and did rent them during said term: That he sold to the defendant, one of said buildings for the sum of three hundred dollars: That he did not sell him any share or interest in the lease or the ground covered thereby, but made a parol agreement with Peters that he would permit his building to remain where it was, as long as he paid one-quarter of the rent and one-quarter of the taxes upon said lease-hold premises: That, accordingly, said building of Peters, remained on the land, and he paid to complainant one-quarter part of the rent and taxes of the whole lease-hold premises: That at the expiration of said ten years' lease, he obtained from said lessor a new lease of said premises, dated March 18, 1854, for thirty years which lease was duly executed and recorded: That he rented his dwellings, as heretofore, paying the ground-rent to the lessor, and that Peters continued to pay him one-quarter of the ground rent and taxes.

The complainant further states that in the spring of the year 1857, he removed to the country and left his business in charge of the defendant, instructing him to collect the rents of the three buildings and pay the ground rent and taxes: That Peters so negligently managed his trust that a few months thereafter, at the close of the year 1857, he ascertained to his surprise, that the lessor had entered upon the premises for non-payment of rent, and was in possession of the whole premises and the four buildings thereon,— three of which belonged to complainant and one to Peters: That he came to town and set to work to regain possession

of his property: That the lessor consented to give him a new lease if he would only pay up the rent in arrears and some repairs he had expended on the buildings, amounting in all to the sum of three hundred and eighty-eight dollars.

The bill further states, that at the time the lessor entered upon said premises, for non-payment of rent, there was, upon said three buildings owned by complainant, a chattel mortgage, made by him to David Cooper, on which was due and unpaid about six hundred and sixty-five dollars, which he had no means of paying; but he ascertained that he could borrow of said Cooper, the additional sum due to the lessor, if he could secure to said Cooper both the new sum and the old debt due on the chattel mortgage. Accordingly, he proposed to the defendant, that he should aid him in securing to said Cooper the above mentioned two sums, amounting to about ten hundred and fifty dollars, to which proposition Peters assented; and an arrangement was made by which the lessor should make the new lease, he was ready to make, to Peters instead of to complainant, and that thereupon Peters should mortgage the lease-hold interest to Cooper, and should also assign to Cooper, as collateral to said mortgage debt, a certain contract of sale of a lot of land, made to said Peters by John Winder, Esq., on which was still due to said Winder several hundred dollars, on which lot said Peters had erected a valuable brick house. Peters was to hold said lease-hold property in his own name, and collect all rents and profits, and apply the surplus, over and above ground rents, taxes and repairs, to the payment of said chattel mortgage to said Cooper, and after the same was paid in full, should assign said lease to complainant.

The bill further charges that this arrangement was carried out; that he put Peters in possession of the premises, and gave him authority in writing to collect the rents. And that in accordance with such arrangement Peters has collected all the rents of said three buildings from said May, 1858, to the present time, more than enough as com-

plainant was informed to pay said ground rent, taxes and repairs, and the said chattel mortgage and the interest thereon, leaving due to complainant a large amount of money.

The bill prays for an account of the rents and profits collected; that the defendant shall be decreed to assign the lease to complainant, subject only to the defendant's right to retain his house on the premises, or if it shall appear that he has not yet secured rents enough to pay him said mortgage and interest; that, then, he be decreed to assign said lease upon the payment to him of the balance due to him; and for a receiver, &c.

DEFENSE: The answer admits the execution of the lease to complainant, as stated: Also the erection of the buildings and the sale of one of them to the defendant; that the parties made the parol agreement mentioned in the said bill, and, that defendant complied during the lease with the terms of said agreement: That complainant obtained the new lease, dated March 18, 1854, stated in the bill; that in the spring of 1857, complainant removed to the country, and that in the latter part of said year the lessor resumed possession of the premises because of the non-payment of rent; but denies that during the period, from the spring to the close of 1857, the defendant was in charge of said premises, or was charged with the collection of the rents as stated.

The defendant admits that the lessor agreed if all back rents and other claims were paid up he would give a new lease for the unexpired term of the said last forfeited term: That, at this time there was, as stated, a mortgage on the premises, given by said Case to David Cooper, upon which was due $665; and that the claims of the lessor amounted to $388. He admits that the new lease was executed to him; but he denies that it was upon any such agreement or understanding as is set up in the bill, or that the complainant was to have any interest therein, in reversion or otherwise. But, on the contrary says, that the true facts are: said complainant was at this time owing the defend-

ant about $1,500 for money loaned, paid for him, and supplies furnished him. That he was utterly unable to pay any part thereof, or any part of the sums due to Cooper and the lessor: That as he could. not comply with the terms upon which alone a new lease could be procured, it was agreed between complainant and defendant that defendant might take the new lease in cancelment of his claim, and make such arrangements as he could with Cooper and the lessor: That this defendant then executed an assignment of his contract for his said property on High street, to said Cooper, and also upon the lease-hold premises, to secure the payment with interest, of the amount due upon the old mortgage, and sum of $388 then advanced by Cooper: That defendant then paid the lessor, and the complainant having previously assented, the new lease was executed to defendant. But defendant denies that complainant had anything to do with or any interest in these transactions. He denies that upon or after the execution of said last lease, the complainant put him in possession of the premises, or gave him any authority either in writing or otherwise, to collect the rents; or that it was ever agreed or understood complainant should have any interest whatever in the premises.

A replication was filed, testimony taken, and the cause was brought to hearing on pleadings and proofs. The Court decreed that the complainant have leave to redeem; and it was referred to a Commissioner to state an account. On the coming on of the Commissioner's report, the Court made a final decree that, on the payment of the sum stated by the Commissioner,—$1,083,— the defendant convey to the complainant his interest in the premises, as prayed for in the bill. From this decree the defendant appeals to this Court.

*Walker & Kent,* for complainant.

*Ward & Palmer,* for defendant.

CHRISTIANCY, J.

Admitting that the verbal agreement set up in the bill, under the circumstances alleged, would make Peters a mortgagee of Case, and convert the lease into a mortgage to secure Peters for the sums paid and the security given by the latter, in the arrangement by which the lease was obtained, rather than a trust in favor of complainant, and that the bill is rather in the nature of a bill to redeem, than for the specific performance of an agreement,—both of which admit of doubt, and upon which we express no opinion,—the complicated verbal arrangement set up is so entirely different from, and inconsistent with, the legal effect of the written lease, and the other written evidence of the transaction, as to have made it a very unfit subject to be trusted for years entirely to the mere memory of the parties.

But, upon the hypothesis that the case sought to be established by complainant would be one rather in the nature of a mortgage than a trust, and that parol evidence therefore is admissible to establish the agreement and thereby change this lease executed by the Bishop to Peters into a mortgage from complainant to Peters; it would, we think, be exceedingly dangerous, and tend to weaken confidence in titles generally, if the effect of deeds of conveyance, leases or other written evidences of title could be thus changed by a verbal agreement, except in very clear cases, where the contract is proved to the entire satisfaction of the Court. It should never be done upon a slight preponderance of evidence. The Court should be satisfied beyond a reasonable doubt. — *Hunter v. Hopkins, 12 Mich., 229;* and see *Jones v. Tyler, 6 Mich., 368.*

The evidence of this alleged agreement is not of this character. The agreement itself, as stated by complainant in his evidence, is not very definite. The defendant in his testimony positively denies any agreement of the kind. These are the only witnesses who know whether there was any

agreement, or what it was.      The other testimony is by no means either very direct or convincing, and is susceptible of several explanations.      The most we can say of the evidence · as a whole, is, that while some of us think there is a slight preponderance in favor of the agreement, some of our number think ·it about equally balanced, or that there is a slight preponderance the other way ; and none of us think it sufficiently clear and convincing to warrant us in disturbing the legal effect of the lease, and other papers, executed as the evidence of the transaction.

The decree of the Court below must be reversed, and the bill dismissed with costs.

The other Justices concurred.