Eollett, Oh. J.
This action was begun February 19,1886, to have a deed, absolute on its face, executed and delivered by the *658 plaintiff to the defendant October 24, 1884, and recorded January 2, 1885, adjudged to be a mortgage. The rule that such a deed may, in an action between the parties to it, be shown by oral evi- ■ dence to have been given and received to secure the payment of a debt, is firmly established in this state. Despard v. Walbridge, 15 N. Y., 374; Horn v. Keteltas, 46 id., 605 ; Fullerton v. McCurdy, 55 id., 637; Peugh v. Davis, 96 U. S., 332 ; Jones Mort., chap. 8; 3 Pom. Eq. Juris., § 1196; 2 Whar. Ev., § 1032. The burden of establishing an oral defeasance to such a deed is an onerous one resting on whoever alleges it, and its existence and also its precise terms must be established by clear and conclusive evidence, otherwise the strong presumption that the deed expresses the entire contract between the parties to it is not overcome. A conveyance of land in fee so executed, acknowledged and recorded is of too great solemnity and of too much importance to be set aside or converted into a mere security upon loose or uncertain testimony, and ft will not be unless the existence of the alleged oral defeasance is established beyond a reasonable doubt. Todd v. Campbell, 32 Pa. St., 250; De France v. De France, 34 id., 385; Null v. Fries, 110 id., 521; Howland v. Blake, 97 U. S., 624; Erwin v. Curtis, 43 Hun, 292; 6 N. Y. State Rep., 116; aff’d 112 N. Y., 660; 20 N. Y. State Rep., 978; Russell v. Southard, 12 How. U. S., 139 ; 3 Reed Stat. Fr., § 1042 ; 1 Jones Mort., § 335 ; 2 Whar. Ev., §§ 1032, 1033.
3. The defendant insists that the plaintiff failed to establish his case within this rule of evidence, and that this court should so hold as a matter of law. It is impossible to formulate an inflexible rule of law for the determination in all cases of the relation between evidence and proof; but each case must be decided in the light of general rules, on its own facts and circumstances.
AYh ether the evidence in a particular case amounts to proof of the issue tendered, is generally a question for the final determination of the court having original jurisdiction to try it, subject to review by the appellate court invested by the statute, with power to re-examine the determination of the issues of fact. The referee’s determination of the issues having been affirmed by the general term, this court cannot reverse if there is any evidence tending to sustain the finding of the fact on which the judgment rests.
The plaintiff's case does not rest solely on his uncorroborated testimony, contradicted by the defendant and the deed, but is supported by facts of considerable probative force, the existence of which is not denied. The defendant’s admission that he proposed to take the farm, pay plaintiff’s then existing debts, care for his father, and, when the farm was sold give to the plaintiff any surplus, tends strongly to support the plaintiff’s evidence.
Applying the rules above stated to the evidence in this case, which may be a broader one, we cannot hold that the decision of the issue of fact by the trial court is without any evidence tending to sustain it
It is not necessary for the decision of this appqal to determine whether the plaintiff, prior to his conveyance to the defendant, had an estate in fee simple or a lesser estate. It is agreed that *659 he had a legal estate, and whatever he had he conveyed to the defendant, and the sole question upon which this decision turned was whether the deed was given and received as security, or as an absolute transfer of all of the plaintiff’s interest in the land.
None of the rulings admitting or rejecting evidence are challenged in this court.
The judgment should be affirmed, with costs.
All concur, except Bradley and Haight, JJ., not sitting.