BASCOMBE et al. v. MARSHALL et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. APPEAL AND ERROR (§ 1012*)—FINDINGS OF FACT—CONCLUSIVENESS.

The trial court will not on appeal be reversed on the facts, unless the proof so clearly preponderates to an adverse conclusion that it can be said with reasonable certainty that it erred in its conclusions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3990; Dec. Dig. § 1012.*]

2. MORTGAGES (§ 32*)—ABSOLUTE DEED AS MORTGAGE—DEBT.

In order to have a deed absolute in form declared a mortgage, plaintiff must establish a debt.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 61; Dec. Dig. § 32.*]

3. MORTGAGES (§ 38*)—ABSOLUTE DEED AS MORTGAGE—ORAL DEFEASANCE—DEGREE OF PROOF.

Where, in an action to have an absolute deed declared a mortgage, an oral defeasance is relied on, it must be established by clear and conclusive evidence beyond a reasonable doubt.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 109; Dec. Dig. § 38.*]

4. MORTGAGES (§ 38*) — ABSOLUTE DEED AS MORTGAGE — SUFFICIENCY OF EVIDENCE.

Evidence held insufficient to show that an absolute deed was intended as a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 108–111; Dec. Dig. § 38.*]

Appeal from Special Term, Richmond County.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Alexander Thain (Otto G. Foelker and Charles A. Strauss, on the brief), for appellants.

George M. Pinney, Jr., for respondents.

JENKS, J. We cannot reverse the court upon the facts unless the proof so clearly preponderated to an adverse conclusion that it could be said with reasonable certainty that the court erred in its

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conclusions. Stokes v. Stokes, 155 N. Y. 581, 50 N. E. 342; Foster
v. Bookwalter, 152 N. Y. 166, 46 N. E. 299; Lowery v. Erskine, 113
N. Y. 52, 20 N. E. 588. This we cannot say. In Wilson v. Parshall,
129 N. Y. 225, 29 N. E. 298, the court, per Earl, J., say:

"The security of titles and sound public policy require that a party alleging
that a deed absolute in form is nevertheless a mortgage should show it by
very satisfactory evidence, and, where he attempts to show it by oral evi-
dence, his proof should amount to more than a mere guess or surmise, or even
inferences which are just as consistent with one theory of the deed as the
other."

The plaintiff must establish his case by clear and satisfactory evi-
dence. Matter of Holmes, No. 1, 79 App. Div. 266, 79 N. Y. Supp.
592, and authorities cited, affirmed 176 N. Y. 603, 68 N. E. 1118. It
is true that there are certain facts which make for the plaintiffs, and
which have been recognized as material and more or less cogent in
like cases. Thus the express consideration for the deed was $1, while
the property was presumably worth at least $2,000, and hence it
might be asserted that there was inadequacy of price. The grantor
continued in possession of the realty for a number of years after
the conveyance and until her death. She collected the rents there-
of, and she paid the taxes thereon throughout that period, and she
was paid forthwith the proceeds of a mortgage made by the grantee
as soon as the title was taken, and she repaid that debt. But, as each
case is to be decided on its own facts (Murray v. Sweasy, 69 App. Div.
47, 74 N. Y. Supp. 543), the probative force of these facts must be
weighed with all of the facts in the case, and among them the fact
that grantor and grantee were mother and daughter, and that the
facts which I have enumerated were consistent with the purpose to
make provision for a child with a reservation of the enjoyment of the
property during the mother's life. It was essential for the plaintiffs,
to establish the debt else the conveyance could not be a mortgage.
Pomeroy's Eq. Jur. §§ 11, 96, and cases cited; Saxton v. Hitchcock,
47 Barb. 225, and cases cited; Kraemer v. Adelsberger, 122 N. Y. 476,
25 N. E. 859. To this end the plaintiffs contended that at the time of
the conveyance there was a loan of $400 made by the grantee to the
grantor, and that a note was given for that money. And although
there was evidence that at some time, possibly in 1890, four years be-
fore the conveyance, the grantee had lent $400 to the grantor, the
testimony which would connect that loan with the conveyance is vague,
indefinite, and unsatisfactory, is given by interested witnesses who
were shaken by their cross-examination, and of whom one admitted
that he had testified falsely as to one fact. There is no proof that the
grantor was impecunious so as to be forced to raise so small a loan
in such a way, while it does appear that she left a considerable estate.

The alleged defeasance is oral, and the proof thereof consists of
the testimony of these witnesses whom I have enumerated who testify
to the statements I have described and of certain alleged admissions
of the defendant made to them or to their wives or husbands respective-
ly at various times, which it is insisted indicate that the grantee held
the property merely as security for this debt of $400. When an oral
defeasance is relied upon, it is said that it must be established by clear

and conclusive evidence beyond a reasonable doubt. Farmers' & Merchants' Bank v. Smith, 61 App. Div. 317, 70 N. Y. Supp. 536; Ensign v. Ensign, 120 N. Y. 655, 24 N. E. 942. The expression of the Supreme Court of the United States is:

"The rule in cases of this kind is well settled. If the conveyance is in fee, with a covenant of warranty, and there is no defeasance, either in the conveyance or a collateral paper, parol evidence to show that it was intended to secure a debt, and to operate only as a mortgage, must be clear, unequivocal, and convincing, or the presumption that the instrument is what it purports to be must prevail. Howland v. Blake, 97 U. S. 624, 24 L. Ed. 1027; Coyle v. Davis, 116 U. S. 108, 6 Sup. Ct. 314, 29 L. Ed. 583; Case v. Peters, 20 Mich. 298, 303; Tilden v. Streeter, 45 Mich. 533, 539, 540, 8 N. W. 502." Cadman v. Peter, 118 U. S. 73, 6 Sup. Ct. 957, 30 L. Ed. 78.

The testimony of admissions is of very little weight. Marks v. Pell, 1 Johns. Ch. 591. There are no reversible errors; indeed, none that require comment.

The judgment is affirmed, with costs. All concur.

---

BASCOMBE et al. v. MARSHALL et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

TRIAL (§ 387*)—TRIAL BY COURT—DECISION.

　　[Ed. Note.—For other cases, see Trial, Dec. Dig. § 387.*]

Appeal from Special Term, Richmond County.

Action by Thomas Bascombe and others against Mary J. Marshall and others. From an order dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.