BASCOMBE et al. v. MARSHALL et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

TRIAL (§ 387*)—TRIAL BY COURT—DECISION.

Since, under Code Civ. Proc. § 1010, the decision of the court on the trial of an issue of law or fact must be in writing and filed in the clerk's office, an oral statement by the court granting a motion to dismiss the complaint in an action to declare a deed a mortgage on the ground that there was no proof of the cause of action alleged was not the decision in the case, and did not preclude the court from thereafter filing its decision containing findings of fact that the deed was not intended as a mortgage, and its conclusion that defendant was the owner of the premises and entitled to final judgment dismissing the complaint.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 387.*]

Appeal from Special Term, Richmond County.

Action by Thomas Bascombe and others against Mary J. Marshall and others.   From an order dismissing the complaint, plaintiffs appeal.   Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Alexander Thain (Otto G. Foelker and Charles A. Strauss, on the brief), for appellants.

George M. Pinney, for respondents.

JENKS, J.   This is a suit in equity to declare a deed a mortgage. The record on the appeal from the judgment now before us, which is in amplification of the record on this appeal, shows that at the close of the plaintiff's case the defendant moved to dismiss the complaint on the ground that there was no proof of the cause of action alleged in the complaint.   The court granted the motion under exception.   Thereafter the court filed its decision that contained findings of fact that the grantor made, executed, and delivered to the

defendant Marshall a warranty deed of the premises in question, which was absolute and was not given or intended as a mortgage, and conclusion of law that Marshall is the owner of the premises, entitled to the possession thereof, and that she was entitled to final judgment in her favor dismissing the complaint. Thereupon a judgment was entered in accord. "Generally a mere order for a decree in equity before it is extended in due form and in apt and technical language cannot be held to be a complete record of the judgment of the court." Thompson v. Goulding, 5 Allen (Mass.) 84, cited in Freeman on Judgments, § 39. Moreover, the disposition at the trial was not the decision in the case, inasmuch as the decision must be in writing and filed in the clerk's office. Section 1010, Code Civ. Proc. The oral declaration of the court of its intended disposition of the case as adverse to the plaintiff was not conclusive upon the court, and did not preclude it from such decision as it finally concluded to render. And, when it came to the making of its decision in the manner prescribed by law, it was entirely proper that it should state it in its present form. Wood v. Lary, 124 N. Y. 87, 26 N. E. 338.

The order is affirmed, with costs. All concur.