CHARLES T. STREETER CONSTRUCTION COMPANY, Appellant, *v.* WILLIAM F. KENNY and Others, Respondents.

First Department, July 2, 1924.

Mortgages — action in equity to have certain conveyances decreed to be mortgages and for accounting and reconveyance of property — evidence fails to show that deeds were given and received to secure payment of debt.

In an action to have certain conveyances made by the plaintiff decreed to be mortgages to secure the repayment of moneys loaned by the individual defendant, and have it adjudged that the amount of the loans had been fully paid and the mortgages satisfied and that the conveyances are null and void and for an accounting and reconveyance of the properties, the plaintiff failed to sustain the burden of proof which requires it to establish by clear and conclusive evidence that the deeds given were intended as mortgages, and, therefore, the judgment dismissing the complaint is affirmed.

APPEAL by the plaintiff, Charles T. Streeter Construction Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Bronx on the 3d day of February, 1923, upon the decision of the court, rendered after a trial at the Bronx Special Term, dismissing the complaint upon the merits.

*M. Carl Levine,* for the appellant.

*Beardsley, Hemmens & Taylor [Charles I. Taylor* of counsel; *Thomas H. Beardsley* with him on the brief], for the respondents.

DOWLING, J.:

This is an action in equity brought to have certain conveyances made by plaintiff decreed to be mortgages to secure the repayment of moneys loaned by defendant Kenny to plaintiff; to have it adjudged that the amounts of the loans have been fully paid, that the mortgages are satisfied and that the conveyances are null and void; that the defendants account to plaintiff for the rents, issues and profits of the premises; for a reconveyance thereof, and for the payment to plaintiff of any balance found due it, being the difference between the amount loaned, with interest, and the receipts from the property.

Defendant William F. Kenny owned and controlled the Hickey Contracting Company, the Kendall Construction Company, the William F. Kenny Real Estate Company, the defendant Nealon-Sullivan Realty Company and the defendant Barnes Realty Company. He was also president and owned one-third of the United States Structural Company.

Charles T. Streeter, plaintiff's president, and his wife owned and controlled the plaintiff corporation.

The dealings here involved were to all intents and purposes between Streeter and Kenny. They were on friendly terms, and for many years had frequent business dealings. Prior to November, 1914, Kenny loaned plaintiff money on various occasions, and indorsed plaintiff's notes, receiving deeds as security. When the notes were paid the deeds were returned to plaintiff. In connection with these transactions it should be noted that the deeds were all made out to William F. Kenny, individually, and they were not recorded.

With the beginning of the World War in August, 1914, the real estate market was depressed and rentals were low. Streeter was a builder with but little capital and his properties were heavily mortgaged. His finances were greatly strained. To keep his building operations going and complete his unfinished buildings in hope of an improvement in market conditions, he was obliged to realize what he could, in order to obtain funds for his uncompleted buildings and to end the carrying charges on his completed ones. Kenny was applied to by him — as Streeter claims, for loans on the security of the property, as Kenny claims, for a sale of the properties from time to time to him. It is the nature of these transactions which is the matter in dispute in this litigation.

In its original complaint plaintiff alleged the conveyance of properties to Kenny or the Nealon-Sullivan Realty Company as security for loans. They are epitomized in the following schedule based on the allegations of that complaint:

| Properties conveyed. | Grantee. | Amount of alleged loan. | Date of alleged loan. |
|---|---|---|---|
| 405–409 East 204th st.; 441 East 161st st.; 3909 Third ave. | Nealon-Sullivan Realty Company | $15,000.00 | Between about June 1, 1914, and November 30, 1914. |
| 902–906 Eagle ave. | Nealon-Sullivan Realty Company | $25,000.00 | Latter part of 1914 or early part of 1915. |
| 432 East 156th st. | Nealon-Sullivan Realty Company | $8,000.00 | About the month of January, 1916. |
| 263–269 East 194th st. | Nealon-Sullivan Realty Company | $14,000.00 | In or about the month of October, 1916. |
| Northeast corner of Sheridan ave. and East 165th st. | William F. Kenny | Cash $5,100.00 indorsement of plaintiff's notes, $19,974.90 | In or about the month of January, 1916. |

Defendants being under contract to sell some of the properties above specified, by consent of the parties the bond of the Ætna Casualty and Surety Company in the amount of $225,000 was substituted therefor, and the surety was made a party defendant to the action. At the same time the parties agreed upon the value of the properties in dispute as of December 9, 1919.

Defendants in their amended answers to the original complaint admitted the payment by them to plaintiff of the respective specific amounts alleged in that complaint, denying, however, that such payments were loans; and alleged by way of separate defense, that the properties specified were purchased from plaintiff, and that the sums paid were in purchase of plaintiff's equities in the properties, with the exception of the Sheridan avenue premises; and that as to those premises the deed thereof to the defendant Kenny was given as security for advances and indorsement of notes, and that defendant Kenny had caused the Sheridan avenue premises to be bought in, on the foreclosure of certain prior mortgages held by a title company, by the defendant the Barnes Realty Company, Inc., in order to protect his advances; that plaintiff's rights in the premises had been barred and foreclosed, and that the Barnes Realty Company, Inc., had completed the buildings with moneys furnished by defendant Kenny at an expense of $125,881.40.

The amended answers also alleged defendant Kenny's ownership and control of defendants Nealon-Sullivan Realty Company and Barnes Realty Company, and set up in detail the relations and transactions between defendants and the plaintiff and its president, Charles T. Streeter, from the beginning to the filing of the *lis pendens* in this action; the date of each purchase, the prompt recording of the deeds (excepting that of Sheridan avenue), the possession and control of the premises by defendants after the conveyances, the payment by defendants of taxes, interest and repairs, and payments, reductions and extensions of mortgages by defendants on the properties purchased; plaintiff's failure for over five years to claim any interest in the properties sold by it; the employment by defendants of the plaintiff's president, Streeter, after plaintiff went out of business in 1917; the boom in the real estate market following the Armistice, defendants making contracts for the sale of the properties, and the sudden filing of the *lis pendens* herein without demand or forewarning on the part of plaintiff; also, by way of estoppel, the testimony of plaintiff's president, Charles T. Streeter, given under oath in certain proceedings supplementary to execution, directly contrary to the allegations of his complaint, clearly establishing that plaintiff had sold these properties (other than the Sheridan avenue premises) to defendants.

First Department, July, 1924.     [Vol. 209

The first amended complaint was, therefore, served in which, for the first time, the plaintiff alleged in substance that at the time the Sheridan avenue deed was given to secure advancements and note indorsements, defendant Kenny agreed to make further loans, so as to carry the buildings " to substantial completion."

And also that in 1917 Kenny violated said agreement, refused further advances, and made an agreement with prior mortgagees for them to foreclose, Kenny to purchase the properties on the sale, and the mortgages to be reinstated, in whole or part; that plaintiff protested and defendant Kenny promised that the premises would be purchased for and on behalf of plaintiff, and that all of the contractors, etc., would be paid; and that the mortgages were foreclosed, said premises were purchased by Kenny through the defendant Barnes Realty Company and the mortgages reinstated to the amount of $120,000.

Another change was made in the paragraph, wherein plaintiff alleged that it borrowed $8,000, giving 432 East One Hundred and Fifty-sixth street as security, " between about the months of January and June, 1916," instead of " about the month of January, 1916," as alleged in the original complaint.

Plaintiff also added the allegation that defendant Nealon-Sullivan Realty Company transferred the Eagle avenue, One Hundred and Fifty-sixth street, Morris avenue and One Hundred and Ninety-fourth street premises to defendant Barnes Realty Company " solely for the purpose of concealing the true owner of record of said premises and to prevent the plaintiff from obtaining a reconveyance of the same."

Defendant Kenny was examined before trial. On this examination it developed that he kept no books of account prior to 1917 and could not find his canceled checks or stubs. He further testified to his purchase of 1215 Union avenue, the Jackson avenue house, the Richmond Hill lots, and the One Hundred and Thirty-fourth street house, and that at the time he received the Sheridan avenue deeds plaintiff gave him a deed to some lots on Webster avenue. On the first trial of this action Kenny again testified to his lack of records. During the course of that trial plaintiff served a second amended complaint, setting up for the first time an allegation that bonuses had been exacted by Kenny for the loans and that plaintiff had not received the full sums which it claimed had been loaned to it by the first complaint. It also included 1215 Union avenue property for the first time, and enlarged the allegations as to the agreement affecting the Sheridan avenue property so that the agreement was, Kenny should make further loans to carry on the construction work of the buildings to inclosure,

instead of to substantial completion as originally alleged. There was a further averment as to the Sheridan avenue property that Kenny agreed to guarantee the accounts of the contractors thereon, and to advance the moneys required to fully complete the four buildings on said property.

Said amended complaint for the first time alleged the conveyance of the Jackson avenue property to the Nealon-Sullivan Company as security for $500, and as additional security for the $15,000 loan; that the Richmond Hill houses were conveyed to the same company to secure the sum of $600, and as additional security for the loans of $15,000 and $25,000. It also alleged for the first time the sale or exchange of the Union avenue, Jackson avenue, Third avenue, Richmond Hill and One Hundred and Thirty-fourth street property with plaintiff's consent, upon an understanding that the proceeds would be credited against the loans to plaintiff.

In this second amended complaint it was also alleged for the first time that plaintiff and defendant Kenny had agreed that " the proceeds from the sale or exchange of the properties afore-mentioned and hereinafter described " should be applied on account of the alleged loans, as well as all the rents from the premises, less the actual running expenses, which had constituted the alleged agreement between the parties as pleaded in the first two complaints, and this alleged agreement was further amplified by the entirely new allegation that it was agreed between plaintiff and Kenny that plaintiff was to remain in full control and exercise full ownership and management of all of said buildings.

Some of these allegations are entirely inconsistent with the allegations of the original complaint.

It would serve no useful purpose to set forth even a summary of the testimony taken upon the trial of this action, a careful examination of which has convinced us that the learned trial court was correct in the conclusion reached by him, after a most careful and painstaking analysis of the evidence, that defendants were entitled to judgment upon the merits, dismissing the complaint. In his decision, covering some twenty-eight printed pages, he has found the essential facts, upon which he bases his conclusions of law that as to the Sheridan avenue property plaintiff's right, title and interest were forever divested, barred and foreclosed by the judgment of foreclosure and sale entered in the actions brought by the 135 Broadway Holding Company, the holder of the building loan mortgages on said premises, and that defendant the Barnes Realty Company, Inc., by purchase of said premises upon sale thereof under foreclosure became the absolute owner in fee simple of said premises; and that neither defendant the Barnes Realty

Company, Inc., nor defendant William F. Kenny held said premises as trustee for the benefit of plaintiff and plaintiff is not entitled to redeem said premises or to have an accounting of the rents or profits or the proceeds of the sale thereof; and further, that the conveyances by plaintiff to defendant the Nealon-Sullivan Realty Company of the following properties, to wit, 405–409 East Two Hundred and Fourth street, 441 East One Hundred and Sixty-first street, 1215 Union avenue, 3909 Third avenue, 738 Jackson avenue, 902–906 Eagle avenue, 432 East One Hundred and Fifty-sixth street, 263–269 East One Hundred and Ninety-fourth street, 997–999 Morris avenue, all situated in the borough of The Bronx, city of New York; the Richmond Hill property, situated in the borough of Queens, city of New York, and the conveyances by Wilhelmina Streeter to the William F. Kenny Company of the One Hundred and Thirty-fourth street premises, were absolute deeds conveying title to the premises therein described in fee simple to the respective grantees therein named and were not mortgages or security for debts.

This judgment of dismissal I am convinced was correct and was the only proper conclusion which could have been reached by the trial court upon this record. Streeter himself is now dead, so that no useful purpose could be served by characterizing his evidence. The trial court has sufficiently done that. Appellant's counsel, while claiming that the trial justice erred in his lack of confidence in Streeter's testimony, attempted the task of showing that the case for plaintiff was proved outside it, and as he says in his brief: " Streeter's testimony will be completely disregarded unless supported by undisputed documents or by the defendant himself, and we will prove that the transaction was a loan only by facts and circumstances which have not been and cannot be disputed." But he has completely failed to support this contention. The credible testimony in the case preponderates for defendants. Not only that, but the facts and circumstances are either clearly in favor of their contention, or are susceptible of varying constructions which must be solved in their favor by the testimony. I believe that Kenny's version of the transactions is consistent, honest, intelligible and trustworthy. Of Streeter's version, it is enough to say that his examination in supplementary proceedings is absolutely destructive of the claims made in the present action.

The properties were sold for an adequate consideration, representing their fair market value at the time of each sale. Kenny paid more than the assessed valuations or actual value of the properties in nearly every case, as shown by the following table:

| Property. | Kenny paid (including mortgages). | Assessed valuation. | Defendants' experts' appraisals. | | |
|---|---|---|---|---|---|
| 405–409 E. 204th street........ <br> 441 E. 161st street............. <br> 1215 Union avenue........... | $175,000 | $163,000 | $163,000 <br> 167,500 <br> 174,000 | | |
| 3909 Third avenue............ | $18,000 | $17,000 | 15,500 <br> 17,000 <br> 17,500 | | |
| Eagle avenue................. | 101,000 | 108,000 | 95,000 <br> 100,000 <br> 110,000 | | |
| ·432 E. 156th street............ | 46,250 | 43,000 | 40,000 <br> 41,500 <br> 42,000 | | |
| 263–269 E. 194th street........ <br> 997–999 Morris avenue........ | 133,000 | 124,000 | 130,000 <br> 134,000 <br> 136,000 | | |

Plaintiff produced no expert real estate appraiser to contradict the values sworn to by defendants' experts. Streeter himself testified in supplementary proceedings that the value of the One Hundredth and Ninety-fourth street and Morris avenue property was from $120,000 to $135,000.

The character of the proof required to support such an action was laid down in an opinion by Chief Judge FOLLETT in *Ensign* v. *Ensign* (120 N. Y. 655, 656): " This action was begun February 19, 1886, to have a deed, absolute on its face, executed and delivered by the plaintiff to the defendant October 24, 1884, and recorded January 2, 1885, adjudged to be a mortgage. The rule that such a deed may, in an action between the parties to it, be shown by oral evidence, to have been given and received to secure the payment of a debt, is firmly established in this State. (*Despard* v. *Walbridge*, 15 N. Y. 374; *Horn* v. *Keteltas*, 46 id. 605; *Fullerton* v. *McCurdy*, 55 id. 637; *Peugh* v. *Davis*, 96 U. S. 332; Jones on Mort. chap. 8; 3 Pom. Eq. Juris. § 1196; 2 Whart. on Ev. § 1032.) The burden of establishing an oral defeasance to such a deed is an onerous one resting on whoever alleges it, and its existence, and also its precise terms, must be established by clear and conclusive evidence, otherwise the strong presumption that the deed expresses the entire contract between the parties to it is not overcome. A conveyance of land in fee so executed, acknowledged and recorded is of too great solemnity and of too much importance to be set aside or converted into a mere security upon loose or uncertain testimony, and it will not be unless the existence of the alleged oral defeasance is

established beyond a reasonable doubt. (*Todd* v. *Campbell*, 32 Penn. St. 250; *DeFrance* v. *DeFrance*, 34 id. 385; *Null* v. *Fries*, 110 id. 521; *Howland* v. *Blake*, 97 U. S. 624; *Erwin* v. *Curtis*, 43 Hun, 292; 112 N. Y. 660; *Russell* v. *Southard*, 12 How. [U. S.] 139; 3 Reed Stat. Fr. § 1042; 1 Jones on Mort. § 335; 2 Whart. on Ev. §§ 1032, 1033.) "

The Supreme Court of the United States has said in *Howland* v. *Blake* (97 U. S. 626): "In each case the burden rests upon the moving party of overcoming the strong presumption arising from the terms of a written instrument. If the proofs are doubtful and unsatisfactory, if there is a failure to overcome this presumption by testimony entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties. A judgment of the court, a deliberate deed or writing, are of too much solemnity to be brushed away by loose and inconclusive evidence." (Citing cases.)

In *Bascombe* v. *Marshall, No. 1* (129 App. Div. 516), which was an action brought to establish that a deed absolute on its face was intended as a mortgage, Mr. Justice JENKS said (at p. 518): "When an oral defeasance is relied upon, it is said that it must be established by clear and conclusive evidence beyond a reasonable doubt." (Citing *Ensign* v. *Ensign* and *Howland* v. *Blake, supra.*) The judgment therein was affirmed by the Court of Appeals (198 N. Y. 538).

Appellant's learned counsel, realizing the burden of proof which is upon his client, claims that the record establishes beyond a doubt that the deeds in question were given as security only. In this we believe not only that he is in error, and that plaintiff has failed to meet its burden of proof, but that the testimony clearly preponderates in favor of defendants.

The only other matter to which reference is required to be made is to express our opinion that the deductions, insinuations and assumptions which form the basis for the attack upon certain of defendants' counsel are entirely without warrant or foundation, and we find no justification for them in the record.

The judgment appealed from should be affirmed, with costs to respondents.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment affirmed, with costs.