BARBARA HURWITZ, Plaintiff, *v.* NATRUTH HOLDING CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, January 10, 1949.

*Samuel M. Rivelson* for plaintiff.

*Stoller & Klausner* for defendants.

MILLER, J. This is an action brought by the plaintiff as assignee of the Tompkins Park Holding Corporation. The plaintiff seeks among other relief, that the quitclaim deed dated June 3, 1939, covering the premises known as 216–218 East 118th Street, in the borough of Manhattan, New York City, and delivered to the defendant Nathan Uberstine by the Tompkins Park Holding Corporation on that day, be adjudged to have been a mortgage and that it be adjudged to be invalid and void.

At the time the deed was delivered to the defendant Uberstine, he held the second mortgage on the property, and there was in existence an assignment to him of the rents of the premises to secure loans theretofore made. Installments of principal on the first mortgage and interest thereon, installments of principal on the second mortgage and interest thereon, and taxes were due and unpaid. The premises were then in disrepair and the holder of the first mortgage had threatened that he would institute foreclosure proceedings. This action was begun in 1946, about seven years after the deed was delivered. No demand on any of the defendants for an accounting or the reconveyance of the premises is claimed to have been made during the six years prior to the commencement of the action. The testimony of the defendant Uberstine that subsequent to the delivery of the deed several thousand dollars were expended in the repair and alteration of the premises is undisputed.

The claim of the plaintiff that the quitclaim deed dated June 3, 1939, was delivered only as additional collateral security, if not unbelievable, is, to say the least, unconvincing.

" ' The burden of establishing an oral defeasance to such a deed is an onerous one resting on whoever alleges it, and its existence, and also its precise terms, must be established by clear and conclusive evidence, otherwise the strong presump-

tion that the deed expresses the entire contract between the parties to it is not overcome. A conveyance of land in fee so executed, acknowledged and recorded is of too great solemnity and of too much importance to be set aside or converted into a mere security upon loose or uncertain testimony, and it will not be unless the existence of the alleged oral defeasance is established beyond a reasonable doubt.'" (*Ensign* v. *Ensign,* 120 N. Y. 655, 656.)

The deed, dated June 3, 1939, was not delivered in escrow, nor was it intended as a mortgage. The delivery of the deed was intended as an absolute conveyance of the premises.

At the request of the defendant Nathan Uberstine, the quit-claim deed delivered to him contained the name of Debfran, Inc., as the grantee, the understanding between the grantor and Uberstine being that the grantee named in that deed was a " dummy " for Uberstine. The change by the grantee of the grantee's name from Debfran, Inc., to Ruth Matlin, which was the maiden name of the wife of the defendant Uberstine, was made after the delivery of the deed to the attorney for the defendant Uberstine, and was made for the sole purpose of changing the name of Uberstine's " dummy ". Under the circumstances the change in the name of the " dummy " was immaterial to the grantor and constituted an immaterial altera-tion, which did not prevent the deed from being evidence that the title had passed from the grantor.

" Upon the delivery of an executed deed, the legal title passes to the grantee, and a subsequent alteration of the deed by changing the name of the grantee does not divest the grantee of title or revest title in the grantor." (7 Thompson on Real Property [Perm. ed.], § 4152, p. 618; *Herrick* v. *Malin,* 22 Wend. 388, 393; *Jackson* v. *Jacoby,* 9 Cow. 125; *Lewis* v. *Payn,* 8 Cow. 71, 75, 76; *Waring* v. *Smyth,* 2 Barb. Ch. 119; 8 Thompson on Real Property [Perm. ed.], § 4243; *Carr* v. *Frye,* 225 Mass. 531.)

In *Herrick* v. *Malin* (22 Wend. 388, 393) the court held: " * * * the *immaterial alteration* in the deed, from James Hathaway to Rachel Malin, whether * * * before or after the execution of the deed, did not divest her title, or prevent the deed from being evidence that the title had passed to her from the grantor." (*Jackson ex dem. Gould* v. *Gould,* 7 Wend. 364; 2 Am. Jur., p. 624; Tiffany, Real Property [3d ed.], § 989, p. 86.)

The case of *Burns* v. *Crowley* (236 App. Div. 66, affd. 261 N. Y. 610), cited by the plaintiff, is distinguishable. That action, while it involved a change in the name of the landlord

designated in a lease, after it was executed, was for damage for an alleged breach of contract of lease and involved the covenants of the lease. In the case at bar the action does not involve any covenants. The quitclaim deed here contained no covenants and the action does not seek to enforce any covenants. The change in the name of the grantee was an immaterial alteration which did not affect any rights of the plaintiff's assignor, and the change did not nullify the conveyance of the property by the plaintiff's assignor. (See cases cited, *supra.*)

In *Lewis* v. *Payn* (*supra,* p. 75), the court states: "If the deed be a quitclaim, the party loses nothing; if it contain covenants, he loses all right to an action on these; but the title is not divested."

Judgment is directed for the defendants dismissing the complaint on the merits. Exception to plaintiff.