■ DONALD W. JOHNSTON, Appellant, v. RUDOLPH DE HAAN et al., Respondents.— Appeal from a judgment of the Supreme Court in favor of defendants, entered May 25, 1970 in Warren County, upon the decision of the court at Trial Term, without a jury. In the year 1954, appellant acquired a parcel of land in the Town of Bolton, Warren County, consisting of about 180 acres, and improved by a residence which he partially converted into a tavern and a few outbuildings. The property was encumbered by a mortgage held by Cohoes Savings Bank, and by a second mortgage held by respondents. Appellant ran into financial difficulties and, in the month of January, 1967, was threatened with foreclosure by the Cohoes Savings Bank. He appealed to respondents for financial assistance, and was given a loan of $1,000. Appellant forwarded this sum to the bank, which returned it to him apparently because it was insufficient to remedy his default in payment of interest, principal and taxes. The money was subsequently returned to respondents. Appellant then entered into further negotiations with respondents in an effort to avoid the foreclosure. Respondents were also interested in protecting their second mortgage. These negotiations culminated in appellant conveying the premises to respondents by deed dated May 3, 1967, subject to the mortgage held by the Cohoes Savings Bank, upon which there was then an unpaid balance of $13,401.60 for principal and interest, and subject to a judgment against appellant in the amount of $647.54, plus interest thereon. The mortgage held by respondents in the amount of $4,220 was also satisfied. There were also unpaid taxes encumbering the premises in the amount of $1,006.21. Appellant was given a lease of the buildings for the summer season of 1967, without rent, which provided that respondents would pay all necessary taxes, carry fire and public liability insurance, maintain the grounds surrounding the rented buildings, and keep the interior of the building in proper maintenance and repair. In addition a written agreement was entered into whereby appellant was granted "the option to have the right of first refusal for the purchase of the premises" with said right to terminate on the 3d day of May, 1969. Appellant operated the tavern during the summer season of 1967, and respondents made substantial improvements to the property. On or about the 20th day of September, 1968, appellant commenced this action alleging that the transaction with respondents was, in fact, a loan which he had agreed to repay within a reasonable time, with interest at the rate of 6 per centum per annum; that the deed given to respondents was security for the loan; that respondents had agreed to reconvey upon repayment of the loan; that on August 29, 1967, he offered to respondents the amount due them, with interest, and demanded the reconveyance of the property; and that respondents refused to reconvey. A second cause of action alleged an agreement granting an option to repurchase and breach thereof. A third cause of action alleged that respondents fraudulently induced him to enter into the agreement by falsely promising to reconvey the premises upon reimbursement of their expenses, plus interest at 6 per cent. The trial court found that the property was conveyed to respondents and not given as security for a continued indebtedness; that appellant

failed to prove that the deed and the option of first refusal were anything other than what they purport to be on their face; that all the evidence was indicative that an absolute conveyance was intended; and that there was no proof of fraud or a constructive trust converting respondents into trustees for the benefit of appellant. " A deed absolute in terms, but given simply as security for the payment of money, is a mortgage with all the incidents of that instrument." (*Kraemer* v. *Adelsberger*, 122 N. Y. 467, 476.) " The rule that such a deed may, in an action between the parties to it, be shown by oral evidence, to have been given and received to secure the payment of a debt, is firmly established in this State. * * * The burden of establishing an oral defeasance to such a deed is an onerous one resting on whoever alleges it, and its existence and also its precise terms, must be etablished by clear and conclusive evidence, otherwise the strong presumption that the deed expresses the entire contract between the parties to it is not overcome." (*Streeter Constr. Co.* v. *Kenney*, 209 App. Div. 697, 703.) Such a deed will not be converted into a mortgage " unless the existence of the alleged oral defeasance is established beyond a reasonable doubt ". (*Streeter Constr. Co.* v. *Kenney, supra,* pp. 703–704; see, also, *515-2nd St. Corp.* v. *Bisnoff,* 250 App. Div. 642; *Hurwitz* v. *Natruth Holding Corp.,* 194 Misc. 56, affd. 277 App. Div. 1028.) Upon our review of the record, we conclude that the trial court properly determined that upon the evidence appellant failed to meet his burden of proof, and that the testimony preponderates in favor of respondents. Appellant's contention that the parties had entered into an agreement granting him the right to repurchase is without merit. The instrument relied upon, when read in its entirety, grants only a right of first refusal and not a right to repurchase. The trial court also correctly concluded that there was no evidence of such a confidential relationship between the parties as would give rise to a constructive trust. Friendship alone does not establish a confidential relationship, and further appellant has failed in establishing a promise to reconvey. Judgment affirmed, with costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.